The People of the State of Illinois, Defendant in Error, v. Joseph Bos, Plaintiff in Error.

## Gen. No. 15,583.

1. CONSTITUTIONAL LAW—*statute as to wife abandonment.* *Held,* that this statute is not unconstitutional.

2. MUNICIPAL COURT—*jurisdiction of prosecution for wife abandonment.* *Held,* under the authority of Glowacki v. People, 236 Ill. 612, that the Municipal Court of Chicago has jurisdiction of prosecutions for wife abandonment.

3. WIFE ABANDONMENT—*what essential to conviction.* In order to sustain a conviction of wife abandonment under the statute, proof must be made that the wife or minor child or children would be in destitute or necessitous circumstances.

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed June 16, 1911.

ERNEST SAUNDERS, for plaintiff in error.

JOHN E. W. WAYMAN and F. L. BARNETT, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.
A criminal complaint was filed in the Municipal Court

of Chicago, charging the plaintiff in error, Joseph Bos, with
wife abandonment and leaving her in destitute and necessi-
tous circumstances, in violation of section 24, chapter 68,
Hurd's Statutes. A jury trial being waived, the cause was
heard by the court, who found the defendant guilty and en-
tered an order directing that he pay May Bos, his wife, $5
weekly, for the period of one year, for her support.

We are asked to reverse the judgment of the court below
upon the grounds (1) that the judgment is contrary to the
law and the evidence; (2) that the statute creating the crime
of wife abandonment is unconstitutional; and (3) that the
Municipal Court has no jurisdiction to try cases of this char-
acter.

We have carefully considered this case, not only upon the
briefs and abstracts, but have read all the testimony shown
by the record to have been heard at the trial. We think the
second and third contentions of plaintiff in error not well
founded. We find no reason for holding the statute uncon-
stitutional, and we regard the decision of the Supreme Court
in Glowacki v. People, 236 Ill. 612, as establishing the juris-
diction of the Municipal Court.

The parties had been married but three or four months
when the separation took place. Upon the record we think
plaintiff in error was at fault in the situation which devel-
oped, and, it may be that in a proceeding for separate main-
tenance, his wife, May Bos, might obtain relief. The case
before us, however, is a criminal case, and is founded upon
a statute which provides: "That every person who shall
without good cause abandon his wife and neglect and refuse
to maintain and provide for her or who shall abandon his or
her minor child or children under the age of 12 years in
destitute or necessitous circumstances, etc., shall be deemed
guilty of misdemeanor," etc.

In the view we take of this statute, and of the evident
purpose which it was intended to serve, we regard it essen-
tial to a conviction under it, that there should be proof tend-
ing to show that the wife or minor child or children aban-
doned, would be in destitute or necessitous circumstances.

The evident purpose of the statute in thus creating this new criminal offense was to suitably punish husbands and fathers who, without good cause, should abandon their wives, minor child or children, in destitute or necessitous circumstances, thus leaving them likely to become a public charge. Indeed, the very complaint upon which this proceeding was had, distinctly made the averment that she was in "destitute, or necessitous circumstances, contrary to the statute in such case made and provided." There was no evidence offered to support this allegation, which we regard as an essential part of the complaint, and, therefore, we feel compelled to hold that a case was not made out against the plaintiff in error.

It may be that such evidence can be produced upon another hearing, and a case made out, but, upon the record made, we feel compelled to reverse the judgment and remand the cause for another trial.

*Reversed and remanded.*