[Crim. No. 595.  First Appellate District.—December 17, 1915.]

## THE PEOPLE, Respondent, v. THEODORE FULTON TURNER, Appellant.

Criminal Law — Abandonment of Wife — Construction of Section 270a, Penal Code.—Under section 270a of the Penal Code a husband is not guilty of the crime of abandonment and failure to support his wife where the evidence does not show that he had the ability so to do.

Id.—Evidence—Conduct Subsequent to Date of Charge.—While the prosecution in such a charge is bound to prove that the offense was committed on or about the date alleged, evidence of the defendant's subsequent conduct, and the question whether or not he secured employment and was able to support his wife, is admissible to show his intent when he left her on the date charged.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial. J. A. Bardin, Judge.

The facts are stated in the opinion of the court.

William R. Biaggi, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged by information with having violated the provisions of section 270a of the Penal Code. He was tried and convicted, and this appeal is from the judgment of conviction and from an order denying his motion for a new trial.

The section reads as follows: ''Every husband having sufficient ability to provide for his wife's support, or who is able to earn the means of such wife's support, who willfully abandons and leaves his wife in a destitute condition, or who refuses or neglects to provide such wife with necessary food, clothing, shelter or medical attendance, unless by her misconduct he was justified in abandoning her, is punishable, etc. . . .''

The facts briefly are as follows: On January 8, 1914, the defendant was arrested upon a charge of rape alleged to have

been committed by him upon the prosecuting witness in this case, who is now his wife, Blanche Turner. At that time she was pregnant, and notwithstanding that the defendant stoutly disclaimed responsibility for her condition, he, on the advice of attorneys whom he consulted at that time, and of the justice of the peace before whom the charge was pending, consented to marry the prosecutrix, the ceremony taking place upon the second day after his arrest, at the home of G. D. Webster, the girl's father, in Monterey, and who was familiar with all the circumstances of the case. At the time of the marriage the defendant had no money, and was compelled to borrow two dollars to pay for the marriage license, which loan he obtained from the justice of the peace before whom the case was pending and who performed the marriage ceremony. G. D. Webster, the father of the prosecutrix, was a carpenter, the owner of the home in which he resided, and it seems to have been understood in a general way that the defendant and his bride were to make their home with him, and to that end a room was assigned to them. The defendant did not remain with his wife after the marriage, and the next day, after collecting eight dollars, due him from a local concern, in which he had been employed, but which had ceased to do business before his arrest, he left Monterey and went to Oregon, looking for employment.

According to a line of authorities upon which the defendant in part relies for a reversal of the judgment, the defendant's wife having been cared for by her father (who was able to support her), she was not left by the defendant in a dependent and destitute condition within the meaning of the statute. (*People* v. *Selby,* 26 Cal. App. 796, [148 Pac. 807]; *People* v. *Demos,* 115 App. Div. 410, [100 N. Y. Supp. 968, 969]; *State* v. *Thornton,* 232 Mo. 298, [32 L. R. A. (N. S.) 841, 844, 134 S. W. 519]; *State* v. *Fuller,* 142 Iowa, 598, [121 N. W. 3]; *State* v. *Loving,* 184 Mo. App. 82, [168 S. W. 339]; *Goddard* v. *State,* 73 Neb. 739, [103 N. W. 443]; *People* v. *Bos,* 162 Ill. App. 454.) While it is true, say those cases, that the husband is under a moral and legal obligation to support his wife, nevertheless it is only where she is dependent upon the charity of strangers, or likely to become a public charge, that his abandonment of her becomes a crime. (21 Cyc. 1611.)

In *People* v. *Selby*, 26 Cal. App. 796, [148 Pac. 807], it is said in reference to wife abandonment cases: "The statute upon which the information is based was obviously intended to cover those cases where the husband has willfully abandoned his wife and left her without means or resources and in a condition of absolute want—a condition in which she is unable to procure for herself the ordinary or common necessaries essential to the sustenance of life. This is indeed the natural meaning of the word 'destitute' or 'destitution,' and the sense in which it is undoubtedly used in the statute. The uncontradicted evidence clearly shows that the wife in this case was not left in a 'destitute condition' by the defendant."

Those cases also seem to hold that prosecutions for wife abandonment should be cautiously instituted, and are not intended to take the place of proceedings in civil courts in which the husband may, in accordance with the circumstances of any given case, be compelled to do his full duty. But however all this may be, this case must, in our opinion, be reversed upon another ground, viz., the absence from the record of any evidence that the defendant at any time after his marriage, had the ability to support his wife. While the evidence shows that he was strong and well and able to work, it also shows that he searched for employment, but there is no evidence that he obtained any, or was able to contribute to his wife's maintenance. Mere inability to support one's wife, if there is an honest effort to obtain work, is not sufficient to constitute abandonment and nonsupport. (21 Cyc. 1612; *State* v. *Broyer*, 44 Mo. App. 393; *State* v. *Bess*, 44 Utah, 39, [137 Pac. 829, 832].) If the defendant had an opportunity to work and refused it, his conduct in that behalf would probably be regarded, in conjunction with the fact of nonsupport, as constituting a violation of the section of the code in question. (*State* v. *Witham*, 70 Wis. 473, [35 N. W. 934].)

The information alleges that the defendant abandoned his wife and left her in a destitute condition on the eleventh day of January, 1914; and the failure to introduce evidence *pro* and *con* as to whether or not, during any of the time from the marriage to the filing of the information, the defendant was able to support his wife, was due to the theory, apparently entertained by both sides, that the prosecution was confined in its proof in that regard to the date alleged in the information. While under the allegations of the information the prosecu-

tion was doubtless bound to prove that the offense was committed on or about the date alleged, still we have no doubt that the defendant's subsequent conduct, and the question as to whether or not he secured employment and was able to support his wife, would throw some light on his intention when he left his wife on the eleventh day of January, and therefore those matters were proper subjects for the consideration of the jury.

The judgment and order are reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1916. In concurring in the order denying a rehearing, Lawlor, J., filed the following opinion on February 14, 1916:

LAWLOR, J.—I concur in the order upon the second ground discussed in the opinion, considered in connection with the rule of decision on appeal in cases where appellate jurisdiction is conferred upon the district courts of appeal by the constitution. (Const., art. VI, sec. 4; *People* v. *Davis*, 147 Cal. 346,. [81 Pac. 718]; *Matter of Zany*, 164 Cal. 724, [130 Pac. 710]; *Burke* v. *Maze*, 10 Cal. App. 206, 211, [101 Pac. 438, 440]; *People* v. *Vaughn*, 25 Cal. App. 736, [147 Pac. 116, 117].) I thus qualify my concurrence because of the apprehension that from the extended reference in the opinion to the first point, and the failure to cite the many authorities which hold the contrary view, the conclusion may be drawn that by denying a rehearing this court thereby approves what is said in that regard.