## The People of the State of Illinois, Defendant in Error, v. Max Glabman, Plaintiff in Error.

### Gen. No. 21,762.

1. HUSBAND AND WIFE, § 274*—*when State need not prove that wife at time of abandonment was "in destitute or necessitous circumstances."* Hurd's Rev. St., ch. 68, sec. 24 (J. & A. ¶ 3431), providing that "every person who shall without good cause abandon his wife and neglect and refuse to maintain and provide for her, or who shall abandon his or her minor child or children under the age of 12 years, in destitute or necessitous circumstances," shall be guilty of a misdemeanor, does not require the State to prove, in order to obtain a conviction for wife abandonment under the statute, that at the time of the abandonment charged the wife was in "destitute or necessitous circumstances," the statute being disjunctive, providing two classes of cases, the abandonment of the wife and the abandonment of the children, so that the words "in destitute and necessitous circumstances" apply only to the second class of cases, leaving the first class to consist of abandonment of the wife without good cause, and refusing and neglecting to provide for her.

2. HUSBAND AND WIFE, § 272*—*statute on wife abandonment not retroactive.* The Act of 1915 providing that every person who shall, without any reasonable cause, neglect or refuse to provide for the support of his wife, said wife being in destitute or necessitous circumstances, shall be guilty of a misdemeanor, has no retroactive effect and cannot apply to a prosecution for a similar misdemeanor commenced before the act went into effect.

3. STATUTES, § 252*—*when criminal statutes not retroactive.* In a criminal case a conviction must be measured by the statute as it existed when the information was filed.

4. HUSBAND AND WIFE, § 272*—*what are elements of offense of wife abandonment.* Under Hurd's Rev. St., ch. 68, sec. 24 (J. & A. ¶ 3431), the elements necessary to a conviction are abandonment of the wife and neglect and refusal to maintain her.

5. HUSBAND AND WIFE, § 275*—*when judgment of conviction for wife abandonment sustained.* A conviction is proper in an information charging defendant with wife abandonment, under Hurd's Rev. St., ch. 68, sec. 24 (J. & A. ¶ 3431), where the information charges all which is necessary to constitute the crime alleged under the statute then in force and where the evidence sustains the charge in the information.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 17, 1916.

RODERICK & RODERICK, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff in error was convicted under an information filed October 9, 1914, charging him with wife abandonment. The charge was that plaintiff in error wrongfully and without good cause abandoned his wife and neglected and refuses to maintain and provide for her. The information was in the terms of the statute then in force, being section 24, ch. 68, Rev. St. (J. & A. ¶ 3431). This conviction is before us for review.

Plaintiff in error contends that it was necessary for the State to allege and prove that his wife was "in destitute or necessitous circumstances," and cites *People v. Bos,* 162 Ill. App. 454, as sustaining authority. The statute cited in the *Bos* case, *supra,* is the same as that under which Glabman was convicted. That statute provides for two classes of cases, one the abandonment of the wife and the other the abandonment of children. The statute is in the disjunctive, and reads as to the wife, "every person who shall without good cause abandon his wife and neglect and refuse to maintain and provide for her," and as to the children continues, "or who shall abandon his or her minor child or children under the age of 12 years, in destitute or necessitous circumstances." The leaving "in destitute or necessitous circumstances" applies to the abandonment of child or children, and the abandoning of the wife and the refusing and neglecting to provide

for her without good cause constitute the crime of wife abandonment under the Act of 1903.

The *Bos* case, *supra,* is not binding upon us on this review, and as it was not in our opinion well decided it has no appealing force. The Act of 1915, which does require that the wife be in necessitous or destitute circumstances to constitute the crime of abandonment, has no application to Glabman's prosecution, as it has no retroactive effect. Glabman's conviction must be measured by the statute as it existed at the time the information was filed.

The *People v. Heise,* 257 Ill. 443, governs this case. In that case it was held that to constitute the crime of wife abandonment three things must concur— abandonment of the wife, and neglect and refusal to maintain her. The information charged all that was necessary to constitute the crime of wife abandonment under the statute then in force, and the proof sustaining the charge in the information, the trial Judge rightfully convicted Glabman.

The judgment of the Municipal Court being without error, is affirmed.

*Affirmed.*