[Crim. No. 319.   Third Appellate District.—January 22, 1916.]

THE PEOPLE, Respondent, v. CARL OTTO FORESTER, Appellant.

PARENT AND CHILD—CONVICTION FOR NONSUPPORT—PROOF OF ABILITY.— In order to support a conviction of a parent for failure to support his minor children, it is essential that proof of his ability so to do be made, as inability without fault is a "lawful excuse," within the meaning of that phrase as used in section 270 of the Penal Code.

ID.—INABILITY TO SUPPORT—EVIDENCE—BUSINESS REVERSES AND PERSONAL INJURY.—Inability due in part to an injury to the hand of a skilled dentist and in part to business reverses, without any ground for inference that his financial embarrassment was the result of artifice or any design to deprive his children of support, is a sufficient showing of lawful excuse for failure to discharge such parental duty.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order denying a new trial.   J. E. Barber, Judge.

The facts are stated in the opinion of the court.

Carr & Kennedy, and Charles T. King, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellant was convicted of a violation of section 270 of the Penal Code, in that he "willfully omitted without lawful excuse to furnish necessary food, clothing, shelter and medical attendance for his three minor children by his divorced wife."

Many points are made by appellant, but as we are satisfied that the cause must be reversed for a failure of proof as to a vital element of the crime charged, it is probable that the other questions will not arise again, and we therefore forego any discussion of them.

It is admitted by the attorney-general that it should be made to appear that the father has the ability to supply what is needed or else a conviction is not supported.   Indeed, it is apparent that inability without fault is a "lawful excuse"

for the failure to discharge this parental duty. "While it is the duty of a parent to support his children of tender years, yet in order that he be imprisoned for failure to obey an order of the court in connection therewith, it must affirmatively appear that he has the ability to comply with the order of the court." (*In re McCandless,* 17 Cal. App. 222, [119 Pac. 199].) In that case the petitioner had been committed to the custody of the sheriff on account of his failure to make certain monthly payments directed by the superior court for the support and maintenance of his minor children. As to the question involved, though, the principle is the same. Therein is cited *In re Cowden,* 139 Cal. 244, [73 Pac. 156]; *Ex parte Cohen,* 6 Cal. 319; *Ex parte Rowe,* 7 Cal. 175; *Ex parte Silvia,* 123 Cal. 293, [69 Am. St. Rep. 58, 55 Pac. 988], which are to the same effect.

In *State* v. *Garrison,* 129 Minn. 389, [152 N. W. 762], the supreme court of Minnesota set aside a verdict in a prosecution for nonsupport for the reason that the proof failed to show the ability of the defendant to meet his obligation, the court saying: "The only defense to this prosecution is his inability to perform this duty. That such inability caused by illness is a legal excuse for the failure to furnish support to a wife or children is not open to doubt."

In *State* v. *Bess,* 44 Utah, 39, [137 Pac. 829], in a prosecution under a statute similar to our own, the judgment was reversed for the same reason, it being said: "We think the evidence wholly fails to show willful neglect on his part as contemplated by the statute to provide for and support the children mentioned in the information. True, evidence was introduced showing that he failed to contribute anything for their support; but the evidence also shows that the current and necessary expenses of himself and two boys far exceeded his earnings during the time covered by the information, hence his neglect in that regard was not without 'just excuse.'"

In *Goddard* v. *State,* 73 Neb. 739, [103 N. W. 443], the prosecution was under a statute penalizing wife desertion and willful neglect to provide for her or for the minor children, and the supreme court of Nebraska held that "In such case, in order to sustain a conviction the state must prove that the accused is possessed of money, property or other means available for the support of his wife or, if he is without such

means, that he has at least some earning capacity, and his refusal without good cause, to maintain or provide for her.''

The showing here was without conflict that the defendant did not have the ability to support his children. This was due in part to business reverses and in part to a disability arising from an injury to his hand. It is true that he was and is a skilled dentist, but he had few patients and was unable to serve those. He could not even pay his rent. His former wife was unable to find any property upon which to levy to satisfy a judgment in her favor. There is no evidence that defendant was willfully idle or that he was prodigal in his expenditures. There is no just ground for the inference that his financial embarrassment was the result of artifice or any design to deprive his children of the attention and support to which they were entitled. Deliberate and fraudulent inability would, of course, be considered unavailing as a defense to the charge. We are not, however, at liberty to infer that appellant was not acting in good faith. True, another marriage and the birth of another child added to his burdens, but this consideration involves nothing culpable or even immoral. It rather suggests a reason why care should be exercised in applying the severe penalty of a statute which, as suggested by appellant, is ''intended to prevent destitution and not to produce hardship in or destruction of the home.'' In this connection it is deemed appropriate to quote from the concurring opinion of Mr. Justice Frick in the Bess case, *supra,* as follows: ''In view of this, it would be a somewhat peculiar administration of the law in question, to say the least, if it should be held that Mr. Bess should be punished for what he was utterly unable to prevent. Moreover, to imprison him could result only in depriving the little boys of their means of support. Such a result would be more or less tragic for them, to say the least. . . . While the law in question is salutary, it nevertheless is of that character which requires it to be administered with some care so as to not produce more mischief by its enforcement in certain cases than can be prevented thereby.''

Before concluding, it is not deemed amiss to say that the evidence shows that said children have been cared for and all their wants supplied by their grandparents. While we are not called upon to hold, as held by the courts of some jurisdictions, that this constitutes a complete defense to the

charge, yet we may remark that this beneficent circumstance naturally tends to obviate any reluctance to accord to appellant the full benefit of his impecunious condition.

We think the judgment and order should be reversed, and it is so ordered.

Chipman, P. J., and Hart, J., concurred.