[Crim. No. 440.   Third Appellate District.—September 10, 1918.]

## THE PEOPLE, Respondent, v. F. J. SMITH, Appellant.

CRIMINAL LAW — PARENT AND CHILD — FAILURE OF FATHER TO PROVIDE
FOR MINOR—WILLFULNESS OF NEGLECT ESSENTIAL.—Willfulness and
the absence of lawful excuse are essential elements of the offense
of a parent omitting to furnish necessary food, etc., to a minor
child, as defined in section 270 of the Penal Code.

ID.—INABILITY AS AN EXCUSE.—A parent who, without fault, is finan-
cially unable to support his minor child, cannot be justly charged
with willful failure in that respect.

ID.—PAYMENT BY PARENT OF DEBTS.—A father having only a meager
income should have devoted it to his child rather than to have
used it for the payment of his debts, if the child had been in need
of the necessaries of life, but where the child was receiving from its
mother all that it required for its support and comfort, the
father's conduct under the circumstances was not felonious.

APPEAL from an order of the Superior Court of Butte
County denying the motion of the defendant for a new trial.
H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

R. Platnauer, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy
Attorney-General, for Respondent.

BURNETT, J.—Appellant was convicted of the offense
designated "Failure to provide for a minor child." He
moved for a new trial, which was denied, and he appealed
from said order. Defendant and one Bessie Worth were
married in Alameda County in November, 1909. While they
were living together in Yolo County in 1911, and about a
month before the birth of the child in question, defendant's
wife left him and they have been living separate and apart
ever since. During its entire life the child has been in the
custody of its mother. The defendant, at the time of the trial
and for six years prior thereto, resided in Sacramento. The
mother of the child, at the time of the trial and for three
years prior thereto, resided at Nelson, Butte County. Dur-

ing the first six months of the year 1917 the defendant paid
to the wife for the support of the child the sum of $75—
fifteen dollars per month for January, February, and March,
and ten dollars for each of the remaining months. It ap-
pears, also, that the child had a good home with its mother
and its wants were amply provided for. It is true that the
mother claimed that the child needed some winter clothing,
but certainly such need was not very urgent on the 1st of
September, when the offense is alleged to have been com-
mitted. Indeed, in response to questions on cross-examination,
the wife testified that she provided a good home for the child;
that it had enough clothes to keep it warm, and plenty to
eat, and that ''she had all those things during the last year
from January on.''

Appellant contends: ''First, that the superior court of
Butte County has no jurisdiction to try him for the alleged
offense, but that, if any offense was committed it occurred in
the county of appellant's residence, namely, Sacramento
County. Secondly, appellant was and is under no legal lia-
bility to support the child for the reason that he and his wife
are and have been living separate and the latter has at all
times had the custody of the child. Thirdly, that the child
having been voluntarily provided with necessaries by persons
other than its father, the latter has committed no crime.''
It is further claimed that the prosecution failed to prove the
ability of the defendant to support the child, and that the
court committed grievous error in permitting the wife to
testify against the defendant without his consent.

All these propositions are learnedly argued, but we consider
it necessary to notice specifically only the one relating to the
ability of the father to contribute to the support of his child.
And we consider the question as it bears upon and relates to
the element of *willfulness,* which is an essential factor in the
crime charged.

The offense is defined in section 270 of the Penal Code as
follows: ''A parent of either a legitimate or illegitimate
minor child who willfully omits, without lawful excuse, to
furnish necessary food, clothing, shelter, or medical attend-
ance for his child, is punishable'' etc. It is plain, therefore,
that the omission to furnish such necessities must be willful
and without lawful excuse to justify a verdict of conviction.
A careful reading of the record, however, satisfies us that in

this respect the case fails to meet the requirement of the law.
The evidence shows that appellant is a laborer owning no
property, his work consisting of cleaning house, picking fruit,
cutting grass and doing odd carpenter work.  He worked off
and on whenever he could find employment until early in
June, 1917, at which time he went to the hospital for medical
treatment and remained until July 27th.  After the care
and treatment of the doctor ceased, appellant went to work
cutting grass, and as a result he had a relapse and took to
his bed with a fever.  Upon his recovery he sought and found
temporary work at different jobs.  This continued during the
latter half of the year.  He also worked for his mother, at
general housework and taking care of the yard, for which he
received his board and lodging.  It is fair to say that from
June to December he earned not more than $60 in money.
His hospital and medical bill was $58.  A portion of this—
but how much does not appear—was furnished by his
mother.  He still owes the doctor one hundred dollars for
his services.  It is thus apparent that he was financially un-
able to support his child.  Furthermore, the evidence shows
that defendant worked whenever he could obtain employment
and was able to work, and also that he searched for employ-
ment without success.  It cannot be said, therefore, that his
impecuniousness was chargeable to indolence, nor is there evi-
dence that he was guilty of any misconduct which prevented
better results.  If a defendant, without fault, is financially
unable to support his minor child with the necessaries of life,
he cannot, of course, be justly charged with willful failure
in that respect.  (*In re McCandless,* 17 Cal. App. 222, [119
Pac. 199] ; *People* v. *Turner,* 29 Cal. App. 193, [156 Pac.
381] ; *People* v. *Forester,* 29 Cal. App. 460, [155 Pac. 1022].)

The only possible answer to this position is that he should
have devoted his meager income to his child rather than to
have used it for the payment of his debts.  There would be
force in this contention if the child had been in need of
the necessaries of life.  But as it was receiving from its
mother all that it required for its support and comfort, we
think the father's conduct, under the circumstances, should
not be characterized and denounced as felonious.

It is pleasing to add that when the appeal was taken the
appellant was able to give a bond for the payment of $25

per month for the support of his child, and it is to be hoped that he will be willing and able to continue such payment.

The order is reversed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 10, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 7, 1918.