[Crim. No. 752. Second Appellate District, Division One.—February 21, 1921.]

THE PEOPLE, Respondent, v. GEORGE DEWEY CLARKE, Appellant.

[1] PARENT AND CHILD—SUPPORT OF CHILD BY OTHERS—CRIMINAL LIABILITY OF FATHER.—The father of a minor child is not criminally liable, under section 270 of the Penal Code, for failure to furnish the child with necessary food, clothing, shelter, or medical attendance, where the mother and child, during the first five months of the child's life, upon the invitation and insistence of the parents of the wife, resided with them as their guests and

were fully supported and cared for by such parents without any request or demand on the father for financial aid in the matter of the support of the child.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge. Reversed.

The facts are stated in the opinion of the court.

Edward J. Kelly for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

SHAW, J.—On August 13, 1920, an information containing two counts was filed against defendant. By the first count he was charged with the crime specified in section 270 of the Penal Code, and by the second he was charged with the crime of nonsupport of his wife, as defined in section 270a of the Penal Code.

At the close of plaintiff's evidence, defendant's motion for a dismissal of the accusation contained in the second count of the information was granted, and thereupon the trial of the case proceeded upon the charge contained in the first count of the information, the result of which was the conviction of defendant; and from the judgment pronounced thereon he prosecutes this appeal.

Section 270 provides that "a parent of either a legitimate or illegitimate child who willfully omits, without lawful excuse, to furnish necessary food, clothing, shelter or medical attendance for his child, is punishable by imprisonment in the state prison, or in the county jail, not exceeding two years, or by fine not exceeding one thousand dollars, or by both."

Of the several grounds for reversal urged by counsel for defendant, we deem it unnecessary to consider other than that of the sufficiency of the evidence to justify the verdict rendered by the jury.

On June 1, 1919, the defendant, then a young man of twenty-one, was married to Ella Winn, who was of the age of eighteen. He was just out of the army and his worldly goods consisted of about $150. In the latter part of August, 1919, prior to which time he had been engaged in odd jobs

of work in San Diego, where they were married, he went to Oakland where, a few weeks thereafter his wife, at his request and with money sent by him, followed, and the two took up their abode with the husband's mother. The wife was then pregnant and expected the birth of a child the latter part of March. She appears to have been unhappy and dissatisfied with her environment and so notified her parents in San Diego, who, on October 20, 1919, went to Oakland, where, as a result of their persuasion and insistence, defendant consented that his wife should return to the home of her parents in San Diego, pending confinement, and at the same time they extended an invitation to him to accompany her, which defendant declined. It appears that about March 6th defendant received a letter from the district attorney of San Diego County, the contents of which, however, are not in evidence, but in response to which he sent his wife $65. This money it appears, instead of being expended for clothing for the baby, born on February 27th, was applied in payment of a nurse who attended the wife during confinement. The mother, as contemplated when she left her husband in Oakland, and, after its birth, the child made their home with her parents, who were well-to-do and able to and did provide her, as they insisted upon doing, with a home, food, and shelter; and although defendant, other than contributing the $65 applied to the payment of her nurse and some small articles of clothing, supplied no money, the baby, as stated by the wife, had never been in want of necessaries, but at all times had food, clothing, and medical attention when necessary, which were voluntarily provided by her father. The court properly instructed the jury that defendant's failure to make provision for the support of the child before its birth and before he knew of the birth of the child did not constitute a crime; hence the offense, if established, must be based upon defendant's neglect to supply the child with necessary food, clothing, shelter, and medical attendance during the first five months of its existence. The evidence touching this question is exceedingly meager. It cannot be said that, because defendant yielded to the persuasion of his wife's parents that she abide with them, such fact constituted neglect to furnish shelter; and as to medical attendance, there is no evidence whatever that the child ever at any time required such at-

tendance after its birth. As to food, the evidence is con-
sistent with the fact that it was obtained from its mother,
in accordance with nature. Prior to its birth, the child's
maternal grandmother, at an expense of some $25 or $30,
procured clothing upon her own account, charging defend-
ant therewith, in addition to which clothing necessary ar-
ticles of wearing apparel were given to the mother by her
friends and relatives. Indeed, it cannot be said that had
the $65 sent by defendant to his wife been applied to the
uses of the child, it would not have been ample for its needs.

[1] Conceding, however, that defendant neglected and
failed to contribute any sum to meet the necessary require-
ments of the child, nevertheless it conclusively appears that
it had everything in the way of shelter, clothing, food, and
medical attention which it needed; and conceding that these
necessaries were, as stated by the mother, furnished by her
parents and, in the absence of lawful excuse, not by the
father, we are of the opinion that, whatever breach of legal
or moral obligation arose from such omission, such neglect
and failure does not constitute a criminal offense within
the meaning of section 270 of the Penal Code.

The provisions of section 270, under which defendant was
prosecuted, are substantially the same as those contained
in section 270a, which make it a crime for a husband having
sufficient ability so to do, to neglect to provide his wife with
necessary food, clothing, and shelter. While section 270
makes the offense dependent upon want of lawful excuse, it
has been held that want of financial ability to provide for
a child is such lawful excuse. (*People* v. *Forester,* 29 Cal.
App. 460, [155 Pac. 1022].) In *People* v. *Selby,* 26 Cal.
App. 796, [148 Pac. 807], the defendant was charged with
the offense designated in section 270a, and on an appeal
the judgment pronounced upon his conviction was reversed
for the reason, among others, that it was made to appear
that his wife was received into the family of a relative and
there cared for, and, moreover, had credit at a general
merchandising store from which she was privileged to obtain
goods on her own account. Quoting from the opinion, the
court said: "She did not, nor did any other witness, testify
that, after the separation, she was at any time deprived
of the necessaries of life. The only proof upon that matter
was that the defendant did not provide those necessaries.

While it was, of course, his duty to furnish her with such necessaries, it was no crime for him not to do so if she was not actually in want of them even though he might have abandoned her within the meaning of the statute.'' In State of Missouri v. Thornton, reported in 232 Mo. 298, [32 L. R. A. (N. S.) 841, 134 S. W. 519], where the court had under consideration a charge preferred against a defendant under a statute similar to ours, it was held that one is not within the operation of a statute providing for the punishment of a father who neglects to furnish necessary food, clothing, and lodging to his infant child, if the child is being supplied therewith, as far as is necessary, by the wife's parents, to whose house she had taken the child upon separating from her husband, the child's father.

It is the omission of the parent to furnish necessary food, clothing, etc., which is penalized, and such articles cannot be necessary to one fully supplied therewith by one other than the father who acts voluntarily and of his own accord in contributing the same. A *necessary* article is one which the party actually needs. The mere fact that the articles are necessary, however, is not enough. They must be such as the party without them actually needs. In the case at bar, the child had food, shelter, and clothing, and while not provided by defendant, it was nevertheless not in need of that which it had.

While it is true that defendant was under obligation, both morally and legally, to furnish such necessaries, rather than have the child dependent upon the grandparents therefor, nevertheless his omission so to do imposed no burden upon the state; nor was the welfare of the child, in which the state is interested, jeopardized or affected by such omission. In our opinion, the statute should not be construed as a law punishing a father for failure to perform his duty as such, but to secure to minor children, who in the future are to become citizens, the necessary food, clothing, and shelter, without which destitution would follow and their lives and health be endangered, and thus protect the state from a burden which would otherwise devolve upon it. So long as they are properly cared for without intervention on the part of the state, it is not interested as to the source from whence the supplies come.

Under a similar statute, the supreme court of Georgia, in *Dalton* v. *State,* 118 Ga. 196, [44 S. E. 977], in reversing the judgment, said: ''The evidence adduced on the trial showed that the father was willing for the wife to leave him and return to her relatives. The child, which she took with her, was between four and five years of age, and was, of course, dependent. The evidence, however, does not disclose that the child was destitute at the time of the abandonment, or had even become destitute up to the time of the trial. So the case turns upon the question whether the father is guilty. if he fails to provide for his child after the separation, even though the child may be abundantly supplied with all necessaries of life. While it is true that a father is under a moral and legal obligation to support his minor child, it is not also true that, if he fails to do his duty, he may be convicted under the above section of the code, although the child is fully provided for by others. The father cannot be convicted unless it be shown that the child was not only dependent, but in a destitute condition. If it is not destitute, but is amply supplied with all necessaries, the father cannot be convicted. It is true he may have violated his moral and legal obligations in abandoning the child at all; but, as criminal statutes must be construed strictly, we are constrained to give this statute this interpretation.'' A like question arose under an Ohio statute, in *State* v. *Stouffer,* 65 Ohio St. 47, [60 N. E. 985], wherein, it appearing that the child was in the custody of its mother, who lived with her parents, and had a comfortable home and necessary food and clothing, the court held that while it was plainly the duty of the defendant to support the child, from which obligation he was not absolved by reason of the act of the grandparents in furnishing it with food and shelter, such obligation should be enforced in a civil action rather than by a criminal proceeding. As opposed to these and other like authorities, respondent cites *In re McMullen,* 19 Cal. App. 484, [126 Pac. 368], *People* v. *Schlott,* 162 Cal. 347, [122 Pac. 846], and *Hunter* v. *State,* 10 Okl. Cr. 119, [Ann. Cas. 1916A, 612, L. R. A. 1915A, 564, 134 Pac. 1134], the latter case arising under an Oklahoma statute, wherein, under the peculiar laws of that state, a father was held criminally liable, although his child was not in want, for the reason that its needs were met by another than himself. The reasoning upon which the

decision in that case was reached is not convincing to us, and, since contrary to the weight of authority, should be disregarded. The question here involved was not considered in the other cases cited by respondent, and hence they do not apply to the facts in the instant case.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district, division one, is denied.

The case shown by the opinion is apparently simply one in which the mother and child, during the first five months of the child's life, upon the invitation and insistence of the parents of the wife, resided with them as their guests and were fully supported and cared for by such parents without any request or demand on the father for financial aid from him in the matter of the support of the child. Certain general statements in the opinion as to the proper construction of section 270 of the Penal Code, which may not be exactly correct as mere abstract statements of law, must be considered in the light of the facts of this case, and, so considered, do not require revision by this court.

All the Justices concurred.