[Crim. No. 800.   Second Appellate District, Division Two.—October 7, 1921.]

## THE PEOPLE, Respondent, v. JOSEPH DANIEL MORRISON, Appellant.

[1] CRIMINAL LAW—FAILURE TO PROVIDE FOR MINOR CHILD—EVIDENCE —BELIEF OF PROSECUTRIX—APPEAL.—In a prosecution for failure to provide for a minor child, the jury have the right to accept the testimony of the prosecutrix with reference to the paternity of the child as true, as against the testimony of the defendant that at the time the sexual intercourse was claimed to have taken place he was on the high seas, even though the latter is corroborated by both oral and documentary evidence, and the appellate court cannot review their decision upon the credit to be given the witnesses or the weight of the testimony.

[2] ID.—TIME OF COMMISSION OF OFFENSE—APPEAL.—In a prosecution for failure to provide for a minor child, the jury is correctly instructed "that it is wholly immaterial on what day or night the offense charged in the information was committed, provided you believe from the evidence it was committed and that the same was committed within three years prior to the filing of the information in this case."

[3] ID. — DATE OF ACT OF SEXUAL INTERCOURSE — INSTRUCTIONS. — In a prosecution for failure to provide for a minor child, an instruction which informs the jury that the date of the act of sexual intercourse need not be proved to have been even within the period of three years before filing of the information correctly states the law.

[4] ID. — DEPENDENCE OF CHILD UPON CHARITY — EVIDENCE. — In this prosecution for failure to provide for a minor child the evidence showed that the child of the defendant was dependent upon charity

---

4.  Criminal responsibility of parent for failure to support child where support is furnished by others, notes, 32 L. R. A. (N. S.) 841; L. R. A. 1915A, 564.

for its food, clothing, and shelter, and this was sufficient, under section 270 of the Penal Code, to render the defendant criminally liable.

[5] ID.—ABILITY OF DEFENDANT TO MAINTAIN OFFSPRING—EVIDENCE—INFERENCE.—In a prosecution for failure to provide for a minor child, evidence showing that the defendant is able-bodied and in the employ of the United States government in the capacity of chief machinist's mate is sufficient, in the absence of any contrary showing, from which the jury might properly draw the inference that the defendant possesses the ability to maintain his offspring.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. F. Grant for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

CRAIG, J.—In this case the defendant is charged with having failed to provide for his minor child under section 270 of the Penal Code of California. He was found guilty and from the judgment and sentence thereafter pronounced he appeals.

The first ground relied upon for reversal is alibi and certain alleged erroneous instructions given by the court concerning the date upon which appellant maintains the prosecution must prove that the child was conceived.

[1] The prosecutrix, Marie L. Mooney, testified that she had sexual intercourse with the defendant in San Diego on the twentieth day of January, 1920, between the hours of 2 and 3 in the morning; that conception took place as a result of which the child was born. The defendant testified that at the time mentioned he was on the high seas and not in San Diego. Evidence both oral and documentary was introduced which corroborated the defendant in this regard. It must be clear that the record thus presents a direct and irreconcilable conflict in the evidence. Apparently the jury did not believe the testimony offered in support of the defendant's alibi. They had the right to accept the statements of the prosecutrix as true. Their verdict shows that they did this and an appellate court cannot review their decision

upon the credit to be given the witnesses or the weight of the testimony. (*People* v. *Hoosier,* 24 Cal. App. 752 [142 Pac. 514] ; *People* v. *Vukojevich,* 25 Cal. App. 460 [143 Pac. 1058] ; *People* v. *Sears,* 119 Cal. 267 [51 Pac. 325].)

[2] Appellant insists that the jury would not have rendered a verdict of guilty had it not been for certain alleged erroneous instructions given it by the court. We will consider these instructions, the first of which is as follows: "The court instructs you that it is wholly immaterial on what day or night the offense charged in the information was committed, provided you believe from the evidence it was committed and that the same was committed within three years prior to the filing of the information in this case." This is but a statement of the law as provided in section 800 of our Penal Code. In *People* v. *Williams,* 133 Cal. 165 [65 Pac. 323], our supreme court said concerning this provision of the code: "But, it is said, that the crime was committed before the indictment was found, and within the period of limitations. The statement is not strictly accurate. The proof of an offense on a different date is a variance, but, in general, not a fatal variance." In this case and in *People* v. *Elgar,* 36 Cal. App. 114 [171 Pac. 697], as well as others in which the variance was held fatal because the date of the commission of the offense proved was different from that alleged in the information but within the period of three years prior to the filing of the information, evidence of the commission by the defendant of more than one offense similar in nature to the one charged had been submitted to the jury. Where the state is allowed such exceptional latitude in making its proof and avails itself of this privilege, a verdict of guilty might be rendered although only a part of the jury believe the defendant guilty of each separate offense, or, under such circumstances the jurors might not believe the defendant guilty of any single offense but find him guilty because of the general evidence of continuous crime; also in such a case, the defendant could not know as to what particular offense, out of many that were testified to, he was placed upon trial. When one of these conditions exist the variance is fatal. (*People* v. *Williams, supra.*) These reasons do not apply to the instant case. The instruction criticised is a correct statement of the law, but appellant has misconstrued

its application. The offense charged and of which the defendant was convicted is failure to provide for his minor child, etc. It is true that the paternity of the child must be established, but he is not accused of any crime because of having had sexual intercourse with the prosecutrix. The cases relied upon by appellant all involve a fatal variance between the information or indictment and the proof. In this case the date of conception is not mentioned nor should it be in the information. In the inquiry as to the paternity of the child, Miss Mooney testified that the intercourse which resulted in its conception occurred on the twentieth day of January, 1920. However, the jury, in the exercise of its undoubted function to weigh the testimony, may have concluded, in view of all of the evidence including that of the date of the child's birth, that the act resulting in its conception occurred upon another date than that stated by her.

[3] But it is said that the court gave another instruction on the same subject which informed the jury that the date of the act of sexual intercourse need not be proved to have been even within the period of three years before filing of the information. Assuming that the instruction could be so construed, it would be a correct statement of the law. In cases where the child for whose criminal neglect the parent is being prosecuted is more than three years old—for example, ten years—of course, sexual relation must have occurred more than three years prior to the filing of the information.

[4] Appellant next contends that it is only when a child becomes dependent upon the charity of strangers or is likely to be a public charge that the parent's neglect is criminal under section 270 of the Penal Code; *People* v. *Clarke,* 51 Cal. App. 469 [201 Pac. 465], is cited to sustain this proposition and further to the effec̆ that unless the state is shown to have been compelled to intervene and furnish food and clothing and shelter to the child, the father is immune from prosecution. The evidence in the instant case shows that the child of the defendant was dependent upon charity for its food, clothing, and shelter. The mother and child were inmates of the Door of Hope Home for Girls, a charitable institution, financed in part by the city of San Diego, in part by private contributions, and in part by the state

of California. It is true that the prosecutrix secured fifteen dollars a month as a loan from a Mrs. Dick which she paid to the home, but by uncontradicted evidence it was fully established that this was a very small part of the actual expense of the mother and child's maintenance and that this sum was applied to the mother's support also, which in itself cost the institution forty-five dollars a month. Hence, even *People* v. *Clarke, supra,* does not assist appellant's claim in this regard.

[5] Finally it is insisted that no evidence was introduced sufficient to prove that the defendant had the ability to provide for his child. The evidence of the defendant himself, as well as of the people, showed that during the period in question defendant was able-bodied and in the employ of the United States government in the capacity of chief machinist's mate. This evidence was sufficient from which the jury might properly draw the inference that the defendant possessed the ability to maintain his offspring. Upon such an affirmative showing and a total absence of evidence to meet it, this court cannot say that the verdict was not supported by the evidence in so far as this element of the offense charged is concerned. (*People* v. *Turner,* 29 Cal. App. 195 [156 Pac. 381].) In the case of *People* v. *Smith,* 38 Cal. App. 175 [175 Pac. 696], cited by appellant, the fact appeared affirmatively and without contradiction that the defendant was financially unable to support his minor child. The same is true of the case of *People* v. *Forester,* 29 Cal. App. 460 [155 Pac. 1022].

In the case at bar, the jury's verdict is sufficiently supported upon every material element of the charge. We find no error in the court's instructions.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.