[Crim. No. 1100.  First Appellate District, Division Two.—December 14, 1922.]

In the Matter of the Application of RODNEY KENDRICK on Habeas Corpus.

[1] PARENT AND CHILD—FAILURE TO SUPPORT MINOR—CRIMINAL LIABILITY.—A father is not criminally liable, under section 270 of the Penal Code, for failure to support his minor child if such child is fully supported by the mother; and the same is true if the child has a sufficient private income.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody on a charge of failure to support his minor child. Petitioner discharged.

The facts are stated in the opinion of the court.

Henry C. McPike for Petitioner.

Ezra W. Decoto, District Attorney, and Frank Mitchell, Jr., Deputy District Attorney, for Respondent.

NOURSE, J.—Petitioner was held to answer to the superior court upon a complaint charging a violation of section 270 of the Penal Code. He instituted this proceeding in *habeas corpus* asking his release from custody upon the ground that the evidence heard at the preliminary examination failed to show reasonable or probable cause for believing that the petitioner had committed any public offense.

The section of the Penal Code under which the charge was laid reads: ''A parent of either a legitimate or illegitimate minor child who willfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his child, is punishable by imprisonment in the state prison, or in the county jail, not exceeding two

1. Criminal responsibility of parent for failure to support child where support is furnished by others, notes, 32 L. R. A. (N. S.) 841; L. R. A. 1915A, 564.

Parent's duty to support as affected by child's property interests, note, 57 L. R. A. 729.

years, or by fine not exceeding one thousand dollars, or by both, and it shall be no defense to such an action that such child has been provided for by other persons. The superior court, sitting as a juvenile court, may exercise original jurisdiction over all such offenses.''

The complaint charged that the petitioner, without lawful excuse, omitted to furnish his minor child with necessary food, clothing, shelter, and medical attendance. It was signed by petitioner's wife, who was the mother of the child.

The testimony offered by the prosecution at the preliminary hearing disclosed that the child was provided with all the necessaries of life by its mother, aided to some extent by its father; that during a portion of the period when petitioner was charged with having neglected the child it was in the custody of petitioner's mother by his arrangement and was properly and amply cared for; that on August 10, 1922, the mother of the child took it from the custody of petitioner's mother and moved with it to the home of friends, where she paid out of her own funds sixty dollars a month to cover the board and lodging of herself and the child; that the petitioner had been a newspaper artist, but had been out of employment since August 8, 1922. It also appeared that prior to the filing of the complaint the complainant had instituted proceedings for a divorce from petitioner herein and had obtained an order from the superior court awarding her temporary alimony for the support of herself and the child.

[1] At the hearing upon the return of this writ it was conceded that the mother of the child had sufficient funds from her private income to support the child. The case may thus rest upon the single point advanced in the argument as to the proper interpretation of section 270 of the Penal Code: Is one parent criminally liable for failure to support his minor child if the child is fully supported by the other parent? It may be conceded that ''both a legal and moral obligation rests upon a father to support his minor children.'' (*Pacific Gold D. Co.* v. *Industrial Acc. Com.*, 184 Cal. 462, 466 [13 A. L. R. 725, 194 Pac. 1].) But section 196 of the Civil Code provides: ''The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able

to give are inadequate, the mother must assist him to the extent of her ability." Section 206 of the same code requires both the father and the mother to maintain their children who are unable to maintain themselves.

These sections are in harmony with the Penal Code section which makes it a crime for "a parent" of a minor child to willfully omit to support it. This section relates to the mother as well as to the father of a minor, and both or either are liable if the neglect is "without lawful excuse." The financial inability to do so is a lawful excuse. (*People* v. *Clarke*, 51 Cal. App. 469 [201 Pac. 465] ; *People* v. *Forester,* 29 Cal. App. 460 [155 Pac. 1022].) The fact that the child was supplied by others with the necessary food, clothing, shelter, and medical attendance was a lawful excuse prior to the amendment of section 270 in 1921 [Stats. 1921, p. 1723], when the words "and it shall be no defense to such an action that such child has been provided for by other persons" were added. It was under the old section that *People* v. *Clarke,* 51 Cal. App. 469 [201 Pac. 465], was decided, holding that the father was excused because his child was supported by its grandparents with their consent and solicitation.

It is argued that, by reason of the amendment, a father is not excused if his child is amply supported by its mother. But the amendment relates only to "other persons," that is, persons other than a parent or the child itself. Thus, when a minor child is furnished with the necessary food, clothing, shelter, and medical attendance by one parent, such fact is a lawful excuse to relieve the other parent from criminal liability under the code section. The same is true if the child has a sufficient private income.

The prisoner is discharged.

Sturtevant, J., and Tyler, P. J., *pro tem.,* concurred.