SWAIN, J.
 

 The defendant was charged with violation of Labor Code, section 227 in that he “being an employer, did . . . wilfully and unlawfully, fail to make payments to a health and welfare fund and other such plan for the benefit of his employees, as required by the terms of a collective bargaining agreement theretofore entered into by” him. He was not charged with failing to make these payments with “intent to defraud,” a disjunctive authorized by said section. A general demurrer to the complaint was sustained without leave to amend and the People appealed from the order dismissing the action which followed. The sole question is whether the portion of the section under which the complaint was drawn authorizes imprisonment for debt contrary to article I, section 15, of the Constitution of California, which provides that “No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud, nor in civil actions for torts, except in cases of wilful injury to person or property. ...” After quoting the words we have just set forth, in the case of
 
 In re Trombley
 
 (1948), 31 Cal.2d 801, 804 [193 P.2d 734], the Supreme Court continued: “Although by its terms the prohibition is directed to imprisonment in civil actions, it has been held to apply in a criminal proceeding where it appears that the legislation under which the accused is charged constitutes an attempt to make the mere act of failing to pay a debt a crime.” But the court also said, at page 809: “It has long been recognized that wages are not ordinary debts, that they may be preferred over other claims, and that, because of the eco
 
 *872
 
 nomie position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due. [Citations.] An employer who lmows that wages are due, has ability to pay them, and still refuses to pay them, acts against good morals and fair dealing, and necessarily intentionally does an act which prejudices the rights of his employee. Such conduct amounts to a ‘ease of fraud’ within the meaning of the exception to the constitutional prohibition and may be punished by statute.”
 

 There is no doubt that payments to a health or welfare fund made as part of the compensation for services rendered by employees are wages as that word is used in the foregoing quotation. Labor Code, section 200, provides as follows: “As used in this article: (a) ‘Wages’ includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation, (b) ‘Labor’ includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment. ’ ’
 

 The word “wilful” implies that the employer has the ability to pay, for if he lacks the ability to pay there is no wilful failure on his part. This has been repeatedly held in interpreting Penal Code, section 270, which makes failure to provide for a minor child a crime. Although the words “having the ability to pay” do not appear in that section, the prosecution must prove such ability.
 
 People
 
 v.
 
 Smith
 
 (1918), 38 Cal.App. 175 [175 P. 696];
 
 People
 
 v.
 
 Forester
 
 (1916), 29 Cal.App. 460 [155 P. 1022].
 

 There is no merit to the contention that an employer who does not pay because he disputes the correctness of the claim in good faith is nevertheless guilty. This is a matter of defense, the burden of proving which is on the defendant.
 
 In re Trombley, supra
 
 (1948), 31 Cal.2d 801, 808, and see
 
 Davis
 
 v.
 
 Morris
 
 (1940), 37 Cal.App.2d 269 [99 P.2d 345], a civil case.
 

 The order dismissing the action is reversed with instructions to proceed with the prosecution of the case as the People shall be advised.
 

 Bishop, P. J., and Kauffman, J., concurred.