60 Cal.Rptr. 925]

## Appellate Department, Superior Court, Sacramento

[Crim. No. 31272.   Feb. 1, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RUDYARD F. DENNIS, Defendant and Appellant.

George D. Humphreys for Defendant and Appellant.

John M. Price, District Attorney, for Plaintiff and Respondent.

PERLUSS, J*—After a court trial in the Sacramento Municipal Court, the defendant was found guilty of a violation of section 2110 of the Unemployment Insurance Code in that he ". . . willfully and unlawfully being an officer of a corporate employing unit, as defined by the Unemployment Code, has withheld in trust workers' contributions and has failed to pay or is financially unable to pay such trust monies to the department . . .". He now appeals from this judgment.

The case comes before us on a settled statement. It appears that defendant was an officer of Dennis Pools, Inc.; that the books of Dennis Pools, Inc. reflected that deductions had been made from workers' wages for the fourth quarter of 1964, and that such deductions were not paid to the department of employment when due and, accordingly, had become delinquent. Defendant testified that he was the president of Dennis Pools, Inc., but that he was a field man not familiar with the administrative details of the corporation. He stated that the books and accounts were the responsibility of the secretary-treasurer of the corporation and that all tax returns were prepared by its accountant. Checks, however, were signed by him and the secretary-treasurer. Testimony was also received indicating that conditions in the accountant's office were chaotic at the time due to an untimely death, but defendant stated that he was informed that the accountant had asked for an extension. Dennis Pools, Inc., has had financial problems and later went out of business when its assets were seized by the Internal Revenue Service. The accountant for the corporation testified that the failure to pay the amount due the Department of Employment was not connected with the corpora-

*Assigned by the Chairman of the Judicial Council.

tion's financial difficulties. Defendant stated that he ultimately had paid the amount due after obtaining a personal loan and that he had neither benefited from the delayed payment nor intended to perpetrate a fraud.

Two principal arguments are made by defendant in seeking reversal. He first contends that section 2110 of the Unemployment Insurance Code is violative of section 15, article I of the California Constitution which proscribes imprisonment for debt. Moreover, he argues that the evidence was insufficient to establish that he knowingly withheld the deductions and that he wilfully failed or was wilfully unable to pay the deductions to the Department of Employment.

The first question heretofore has been considered by the Appellate Department of the Superior Court of Orange County in *People* v. *Neal C. Oester, Inc.* (1957) 154 Cal.App. 2d Supp. 888 [316 P.2d 784]. There the court concluded that the workers' contributions were taxes and the prohibition of section 15, article I of the Constitution did apply to taxes. Nevertheless, it determined that because the statute was couched in terms of "wilfulness," i.e., "wilfully fails to pay" and "is wilfully financially unable,"[1] it was valid as falling within the fraud exception to the constitutional prohibition.

We have some reservations about the analysis utilized by the court in the *Oester* case. This is because we are concerned with deductions from workers' wages which must be paid by the worker and held in trust by the employer pursuant to sections 984 and 986 of the Unemployment Insurance Code. Thus, while to the department of employment, the amounts so withheld might be "taxes," to the worker they clearly are his "wages."[2] It is the worker's money owing to him as wages but for the governmental exaction and thus if there is an overpayment, the refund is made to the employee and not the employer (see § 1176, Unemp. Ins. Code).

[1]It is to be noted that prior to the enactment of chapter 624, Statutes 1965, section 2110, did not have the word "wilfully" before "financially unable to pay." This was an interpretation supplied by the court. Chapter 624, Statutes 1965, purports to be declaratory of the law as so stated. (See *Review of Selected 1965 Code Legislation* (1965 Cont. Ed. Bar) p. 260.)

[2]The denomination of the word "contributions" as used in the Unemployment Insurance Code as "a euphemistic expression meaning tax exactions" by the Supreme Court in *Empire Star Mines Co.* v. *California Emp. Com.* (1946) 28 Cal.2d 33, 47 [168 P.2d 686], does not militate against this view. The court there was concerned with the right of an *employer* to sue for unemployment insurance taxes paid by it.

Thus, if our view is correct that the amounts here withheld are ''wages,'' the propriety of section 2110 has been directly established by the Califorina Supreme Court in *In re Trombley* (1948) 31 Cal.2d 801, 809-810 [193 P.2d 734], holding that the fraud exception in section 15, article I, would be applicable to a statute making it a crime to withhold wages, knowing they are due and having the ability to pay them. (See also *People* v. *Alves* (1957) 155 Cal.App.2d Supp. 870 [320 P.2d 623].)

Whether the *Oester* analysis or that suggested here be followed, i.e., whether the deductions from the workers' wages be determined to be ''taxes'' or ''wages,'' the result is the same—section 2110 of the Unemployment Insurance Code is not violative of section 15, article I of the California Constitution.

It next must be ascertained whether there was substantial evidence to sustain the judgment of the lower court that defendant knowingly withheld the deductions and that he wilfully failed or was wilfully unable to pay the deductions to the Department of Employment.

The scope of appellate review of factual issues is limited. Within this limitation, we have concluded that the evidence was sufficient to establish defendant's guilt. The books reflected that the deductions had been made; defendant obviously knew that the deductions were due and payable for he had been informed that an extension had been sought, and finally he signed all checks and thus knew what debts had been paid.

Other arguments presented by defendant lack merit.

The judgment of the lower court is affirmed.

Mundt, P. J., and Reckers, J., concurred.