[Crim. No. 544.   First Appellate District.—November 17, 1914.]

## THE PEOPLE, Respondent, v. CHARLES L. PRYAL, Appellant.

CRIMINAL LAW—LIBEL—LETTER CHARGING FORGERY—ADMISSION OF UNTRUTH—EVIDENCE OF GOOD MOTIVES AND JUSTIFIABLE ENDS— WHEN PROPERLY EXCLUDED—CONCLUSIVE PRESUMPTION OF MALICIOUS AND GUILTY INTENT—SECTION 1962 CODE CIVIL PROCEDURE. In a prosecution for libel, based upon a letter written by the defendant containing a charge of forgery against an attorney, where the defendant upon the trial not only made no effort to prove the truth of the assertion, but expressly admitted the charge of forgery was untrue, the trial court properly excluded from evidence documents including certain letters which passed between himself and the attorney while the latter was acting for defendant in certain litigation, which letters and documents defendant contended were admissible as tending to show his intention in uttering the libel, and as proving it was published with good motives and justifiable ends, as the defendant, in uttering the libel, engaged in the deliberate commission of an unlawful act for the purpose of injuring another, from which, under section 1962 of the Code of Civil Procedure, a malicious and guilty intent is conclusively presumed.

ID.—STATUTORY CONSTRUCTION—SECTIONS OF CODE TO BE CONSTRUED TOGETHER.—It is a well known rule of construction that the various sections of the code are to be read together and harmonized if reasonably possible.

ID.—CONSTRUCTION OF SECTIONS 250 AND 251 PENAL CODE, AND SECTION 1962 CODE CIVIL PROCEDURE—ADMITTED FALSE PUBLICATION—INNOCENT MOTIVE—PRESUMPTION OF MALICE—EVIDENCE.—When sections 250 and 251 of the Penal Code are read together in the light of section 1962 of the Code of Civil Procedure, it is quite plain that proof of an innocent motive or intent in publishing a willful defamation, admittedly false, will not be permitted in the face of the conclusive presumption of malice which the latter section of the code creates, unless such proof shows such publication to be in the nature of a privileged communication.

ID.—EVIDENCE—DIFFICULTY BETWEEN ATTORNEY AND CLIENT.—In such a case, where the proferred evidence tended to show that difficulties

had arisen between the defendant and the attorney, over the latter's conduct during certain legal proceedings, resulting in an effort on the part of the defendant to discharge his counsel, such evidence, instead of showing that the motive for publishing the willful defamation was an innocent one, would rather tend to strengthen the presumption that the publication was inspired by ill will and was malicious.

Id.—Libel—Right of Jury to Determine Law and Fact—Construction of Article I, Section 9 of the Constitution and Section 251 Penal Code—Power of Court to Rule on Admissibility of Evidence not Taken Away.—The provisions of article I, section 9 of the state constitution and of section 251 of the Penal Code that in the trial of a case of criminal libel "the jury shall have the right to determine the law and the fact" does not take away from the court the right to rule upon the admissibility of evidence during the trial.

Id.—Instructions—Alleged Misconduct of District Attorney and Jury.—In this prosecution for criminal libel it is held that there was no error in the instructions given by the court to the jury and that there was no misconduct on the part of either the district attorney or the jury.

APPEAL from a judgment of the Superior Court of Alameda County. Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

Jacob M. Blake, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment of conviction in a proceeding against the defendant for a criminal libel. The alleged libel consisted in the writing of a letter by the defendant to one Isabel Abbott, containing a charge of forgery against one John A. Sands, consisting of the statement that "Sands forged both Mrs. Pryal's and my name to certain legal documents."

Upon the trial of the case the defendant Pryal not only made no effort to prove the truth of this assertion, but expressly admitted, and upon this appeal concedes, that the charge of forgery was untrue. The defendant, however, upon the trial undertook to offer in evidence a large number of documents, including certain letters which had passed be-

tween himself and said Sands while the latter was acting as his attorney in a certain litigation, which letters and documents the defendant contended were admissible as tending to show his intention in uttering this libel, and as proving that it was published with good motives and justifiable ends. The court ruled out this evidence; and it is this ruling of the court that the defendant now chiefly relies upon as error requiring a reversal upon this appeal.

We think the trial court committed no error in refusing to admit the evidence thus proffered by the defendant. The charge against the prosecuting witness of having committed the crime of forgery was made in express and unmistakable terms. That it was false the defendant admits; and that it was made and published willfully and deliberately there can be no question. The defendant was, therefore, in uttering this libel, engaged in the deliberate commission of an unlawful act for the purpose of injuring another. The Code of Civil Procedure, in enumerating those presumptions which are deemed conclusive, gives (1) a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another. (Code Civ. Proc., sec. 1962.) If this general provision of our law has application to prosecutions for criminal libel, it would necessarily follow that the proffered proof of the defendant was properly excluded by the court. The appellant, however, contends that this rule is modified in its application to trials for criminal libel, by the terms of sections 250 and 251 of the Penal Code. These sections read as follows:

"Sec. 250. An injurious publication is presumed to have been malicious if no justifiable motive for making it is shown."

"Sec. 251. In all criminal prosecutions for libel the truth may be given in evidence to the jury, and if it appears to the jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted. The jury have the right to determine the law and the fact."

It is a well known rule of construction that the various sections of our code are to be read together and harmonized if reasonably possible. When the foregoing sections of the Penal Code are read together in the light of section 1962 of the Code of Civil Procedure, it would seem quite plain that proof of an innocent motive or intent in publishing a

willful defamation admittedly false will not be permitted in the face of the conclusive presumption of malice which the latter section of the code creates, unless such proof shows the publication to be in the nature of a privileged communication, and that this was its nature is not contended for in this case.

It may be further said in this connection that it cannot be reasonably urged that the proofs which the defendant herein presented and which the court refused to submit to the consideration of the jury, contain within themselves any evidence tending to show that the defendant published this defamation from good motives and for justifiable ends. In point of fact the contrary would seem to be the case, for the offered proof only tended to show that difficulties had arisen between the defendant and Mr. Sands, his attorney, over the latter's conduct during certain legal proceedings, resulting in an effort on the part of the defendant to discharge his counsel. The proofs were offered for the purpose of showing that the client had cause for his dissatisfaction. This sort of evidence, instead of showing that the motive for publishing a willful defamation was an innocent one, would rather tend to strengthen the presumption that the publication was inspired by ill will and was malicious.

Counsel for appellant very strongly contends that the court in excluding this evidence has erred in a more vital respect. He urges in an elaborate brief and extended oral argument that the express provisions of the state constitution (art. I, sec. 9) and of the Penal Code (sec. 251) that in the trial of a case of criminal libel "the jury shall have the right to determine the law and the fact," takes away from the court the right to exclude any evidence from the jury which has any bearing whatever on the relation of the parties or the circumstances of the publication; and that in respect to such evidence it is the province of the jury to pass upon the law regulating its admissibility and effect at every stage of the case.

We do not understand that the foregoing provisions of the constitution and statute are to be construed as extending thus far, nor as intended to take away from the court its power and duty to pass upon the admissibility of evidence during the progress of the trial. To adopt the theory or apply the rule contended for by appellant would be to work

a revolution in our American system of procedure, and
leave the judge in cases of criminal libel powerless to prevent
the influx into the case of all sorts of irrelevant matter hav-
ing as the only purpose of its introduction the prejudice of
the minds of the jurymen to the extent of finding verdicts in
favor of or against defendants in utter disregard of both the
law and the facts material to the issues in the case. The
supreme court of this state, in *People* v. *Seeley,* 139 Cal.
118, [72 Pac. 834], has laid down the rule of construction of
the provision of the constitution and section of the code
under review; and this court is in no position to undertake
to overrule that decision and even if it were disposed—
which it is not—to disagree with the views of the court as
therein exhaustively set forth.

The appellant further contends that the trial court erred
in the giving of certain alleged contradictory instructions
relating to the power of the jury in its verdict to deter-
mine the law and the facts of the case. We do not find,
however, upon an examination of the entire body of the
court's instructions any sufficient contradiction to warrant
a reversal of the case. Neither do we find that there was
any misdirection on the part of the court or misconduct on
the part of either the district attorney or of the jury in
connection with the return of the latter for further instruc-
tions after some hours of deliberation upon the case. The
jury apparently desired light upon the question as to what
constituted a publication; and the court gave it that light
by reading to it section 252 of the Penal Code.

We discover no reversible error in the record. The judg-
ment is affirmed.

A petition for a rehearing of this cause was denied by the
district court of appeal on December 17, 1914, and a peti-
tion to have the cause heard in the supreme court, after
judgment in the district court of appeal, was denied by the
supreme court on January 14, 1915, and the following opin-
ion then rendered thereon:

THE COURT.—The application for a hearing in this
court after decision by the district court of appeal for the
first district is denied. The denial of the application is
not to be taken as an expression by the members of this

court to the effect that evidence tending to show that a publication complained of was published with good motives and for justifiable ends is not admissible in a criminal prosecution for libel, or as approving what was said by the district court of appeal on this proposition. Upon this question we express no opinion. It further appears on the face of the opinion of the district court of appeal that the testimony here offered was of such a nature that it would not have tended to show either that the publication was made with good motives or for justifiable ends, but, as said by the court of appeal, instead of showing that the motive for publishing the matter "was an innocent one, would rather tend to strengthen the presumption that the publication was inspired by ill will and was malicious." This statement sufficiently justifies the denial of the application.