[Crim. No. 506. Second Appellate District.—October 28, 1916.]

## THE PEOPLE, Respondent, v. MILTON A. SMITH, Appellant.

CRIMINAL LAW—REFUSAL TO PROVIDE FOR WIFE—IGNORANCE OF PRESENCE WITHIN STATE—UNWARRANTED CONVICTION.—The conviction of a husband of willfully neglecting to provide his wife with the necessaries of life, as provided in section 270a of the Penal Code, is not warranted where it is shown that he left her in another state, and had no information of her presence in this state until he was arrested.

ID.—LACK OF MEANS OF SUPPORT—PROOF BY WIFE.—In such a prosecution it is necessary that the wife should show that she was without other sufficient means of support at the time of the alleged offense.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

Homer E. Johnstone, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—In this action the defendant has been convicted of the offense described in section 270a of the Penal Code, in that on or about March 24, 1916, in the county of Kern, he did willfully, etc., neglect, refuse, and omit to provide his wife with necessary food, clothing, shelter, and medical attendance, he having the ability to so provide and not being justified in so refusing or failing to provide for her "by any misconduct on the part of the said wife." The defendant appeals from the judgment and from an order denying his motion for a new trial.

The defendant and the prosecuting witness, Florence E. Smith, were married in the state of Washington in August, 1907, and lived together in that state until September, 1911, when the defendant moved to Portland, Oregon. Some time later he came to California, and for a year or two prior to March 24, 1916, and on that date, was living at Bakersfield in

Kern County. There was some correspondence between the husband and wife while he was in Portland. Afterward it appears that for some time she did not know where he was living; but in the latter part of the year 1915 she learned that he was living in Bakersfield. She did not then communicate with the defendant, but after waiting some five or six months she came to California and arrived at Bakersfield on March 24, 1916. Without any delay she made the complaint upon which this prosecution is founded, and the defendant did not know of her presence in California until he was arrested on this charge. The only evidence that Mrs. Smith at any time prior to the commencement of this action was without means of support is found in her testimony wherein she states that during the time of their separation she never received any money from the defendant; and in her affirmative answer to a question inquiring whether during the time of their separation she had "at any time been in want."

The defendant is not prosecuted for having abandoned and left his wife in a destitute condition; for if such offense was committed by him at all it was not in the state of California. Also it may well be doubted whether any refusal or neglect of the defendant to provide his wife with the necessaries of life while she was absent from California, can be construed into an offense committed at the place of the husband's residence and against the laws of California. If the defendant had received information of her presence in this state and then if, without legal justification, he had refused or neglected to provide his wife with food, clothing, etc., she having need of such support from him, such facts no doubt would constitute an offense against the provisions of the Penal Code. But it seems clear to us that the provisions of the code under which the defendant is prosecuted in this action are not intended to authorize a punishment of the husband for neglecting to provide for his wife before he knows of her presence within the state. Neither do we think the judgment can be sustained without evidence that the wife was without other sufficient means of support at the time of the alleged offense. (*People* v. *Selby,* 26 Cal. App. 796, [148 Pac. 807].)

Having reached the conclusion above stated, we deem it unnecessary to discuss the numerous propositions urged in

the brief of defendant's counsel wherein he claims errors in the rulings of the court and in the instructions given, and in the refusal to give instructions requested by the defendant.

The judgment and order are reversed.

James, J., and Shaw, J., concurred.