[Crim. No. 786.   Third Appellate District.—October 30, 1924.]

## THE PEOPLE, Respondent, v. CLAUDE CURRY, Appellant.

[1] CRIMINAL LAW — OMISSION TO PROVIDE FOR MINOR CHILDREN —
CONTINUING OFFENSE—EVIDENCE—TIME.—The crime of willfully
omitting, without lawful excuse, to furnish the necessary food,
clothing, shelter, and medical attendance for minor children is in
the nature of a continuing offense; and in a prosecution of the
father of certain minor children for such offense, the people are
not limited to proof of such omission on the date specified in the
information, but it is competent for the people to show such
omission at any time before the statute of limitations has barred
prosecution therefor.

[2] ID.—DIVORCE OF PARENTS—SUPPORT OF CHILDREN BY OTHERS—
PROSECUTION OF FATHER.—A father may be proceeded against,

1.  See 20 Cal. Jur. 425.

2.  Duty and criminal responsibility of father to support child
awarded to mother by divorce decree, notes, 114 Am. St. Rep. 700;
47 Am. St. Rep. 314; 7 Ann. Cas. 903; 14 Ann. Cas. 255; Ann. Cas.
1913C, 296; Ann. Cas. 1915D, 815; 2 L. R. A. (N. S.) 851; 22
A. L. R. 795. See, also, 9 R. C. L. 485; 20 R. C. L. 622; 9 Cal. Jur.
804; 20 Cal. Jur. 422.

under section 270 of the Penal Code, for willful omission to furnish his minor children with food, clothing, etc., notwithstanding that under a decree of divorce between the defendant and his wife the latter is awarded the custody of the minor children, where a valid order has been made in the divorce proceeding that the defendant shall pay a specified sum per month for such support, maintenance, etc.; and under said section, as amended in 1923, the defendant is not relieved from criminal liability merely because the mother of the children or any other person or organization voluntarily or involuntarily furnishes such necessary food, clothing, shelter, or medical attendance for such children or undertakes to do so.

[3] ID.—SUPPORT OF INDIGENT PARENT—FAILURE TO SUPPORT CHILDREN—ABSENCE OF LAWFUL EXCUSE.—While it is commendable in any person to support or contribute toward the support of an indigent aged parent, and the law fixes upon every person that obligation, which he must perform to the extent of his ability, this does not relieve in the slightest degree the obligation of a father to support his own minor children—those for whose existence he is directly responsible; and in a prosecution of a father for willfully omitting, without lawful excuse, to furnish the necessary food, clothing, etc., for his minor children, the legal custody of whom had been awarded to the wife in a divorce proceeding, it is not error to refuse to allow a witness for defendant to testify that defendant, from the time that he was divorced from his wife, had maintained and supported his aged mother, as such act did not constitute a lawful excuse for failure to support defendant's minor children.

[4] ID.—ARREARS IN PAYMENTS UNDER DECREE—INSTRUCTIONS.—In such a prosecution, where the evidence shows that defendant and his wife had been divorced for several years, that the custody of the children had been awarded to the wife and the husband ordered to pay a specified sum each month for their support and maintenance, that the payments by defendant had been very irregular and he was several hundred dollars in arrears, and that the payments made by him during the year the information was filed against him were not sufficient to meet the payments accruing during that year, the court did not err in instructing the jury that any payments made by the defendant to his former wife upon her old bill as it existed prior to the beginning of said year, although

3. See 20 Cal. Jur. 424, 433.

4. Liability of father for support of children whose maintenance provided for in decree awarding custody to mother, note, 12 Ann. Cas. 138.

payments were made after that date, were not to be considered as being paid by the defendant for the furnishing of necessary food, clothing, shelter, or medical attendance for said year.

(1) 31 C. J., p. 843, sec. 454. (2) 16 C. J., p. 226, sec. 347. (3) 29 Cyc., p. 1605. (4) 29 Cyc., p. 1679.

APPEAL from a judgment of the Superior Court of Yolo County. W. A. Anderson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Neal Chalmers for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was found guilty by a jury in the superior court of Yolo County of the crime of willfully omitting, without lawful excuse, to furnish necessary food, clothing, shelter, and medical attendance for his two minor children. He made a motion for a new trial, which was denied, and he brings the case here on appeal from the judgment and the order denying said motion.

It appears that the defendant and his wife, the father and mother of two minor children, were divorced by a decree entered in the superior court of Yolo County. The record does not clearly show when this decree was entered, but it does appear that the wife was awarded the custody of the two minor children in October, 1914, and during all the years down to the time of the filing of the information herein had their legal custody. It appears that when the decree of divorce was entered (we judge from the record some time in the year 1914) the court also made an order requiring the defendant to pay to his wife for the care, support, education, etc., of said two minor children the sum of $20 per month or $10 per month for each child. The evidence shows that the defendant was not prompt in the payment of the moneys so ordered to be paid by him to the mother of the children, but from time to time during the several years intervening between the year 1914 and the time when the information herein was filed (December 5, 1923) he paid certain amounts, some of which were less and others in excess of any sum

which he was required under the order to pay for any one
month. The larger amounts so paid were in part payment
of any of the sums past due and which he failed to pay regu-
larly each month, as the order of the court required. In
other words, as Mrs. Barnett (the former wife of the de-
fendant and mother of the two minor children named in the
information, she having intermarried with Frank Barnett
after the divorce from the defendant) testified, the defendant
paid in the year 1914 $17.50 only, on December 22, 1915,
he paid $10, in the year 1916 he paid nothing, in the year
1917 he paid $170, in the year 1918, $220, in 1919 $190, in ·
1920 $228.80, in 1921 $130, in 1922 $100, and on January
5, 1923, $100: All the foregoing amounts, Mrs. Barnett tes-
tified, were, with the exception of $100, applied to the pay-
ment of old bills which had accrued by reason of the support,
etc., of the minor children. She testified that at the time of
the trial, which took place on the fourth day of March,
1924, the defendant was still indebted on account of the
order for his payment of $20 per month for the children in
the sum of $781.17. It appears, though, that on the fifth
day of October, 1923, a writ of execution was issued on the
judgment of the superior court awarding her the sum of
$20 per month for the care, etc., of the children, in which it
was recited that down to that time the sum of $310 had
accumulated against the defendant under the terms of said
order. Her attention having been called by the attorney
for the defendant to the discrepancy between the amount
alleged to be due in the writ of execution and the amount
she testified was due at the time the trial was had, she still
maintained that, although she gave the sum of $310 to the
sheriff as the amount then due, the sum of $781.17 was
actually due at said time. Mrs. Barnett testified that none
of the money paid by the defendant covered the amounts
due for the year 1923. She further testified that the sum
of $20 a month was at this time inadequate for the proper
support, care and education of and for medical attendance
for the minor children. The defendant did not himself take
the witness-stand. He, however, called as his witness his
brother, Charles H. Curry, by whom he undertook to prove
that the defendant was maintaining a home in the town of
Davis, Yolo County, for his mother, and supporting the

latter. This testimony was objected to by the district attorney and the court sustained the objection and struck the testimony of said Curry from the record. In purported rebuttal the People showed by one Earl Smith that the defendant during several months of the year 1923 was his partner in the cement business and also had worked for him; that the defendant was a skillful cement worker and capable of earning eight dollars per day. Smith also testified that from May to and including September, 1923, which covered the period of their association as partners, he paid to the defendant approximately the sum of $1,000.

The above statement of the evidence is sufficient for the purposes of the decision hereof.

[1] The point first made by the defendant is that, inasmuch as the information specifically charges that the alleged offense was committed "on or about the first day of November, 1923," it was improper to permit the People to prove that the accused had willfully omitted to furnish necessary support, maintenance, etc., for the minor children at any other time than on the day so named. In other words, the contention is that evidence was inadmissible to prove the commission of the crime, if any were committed, prior to the first day of November, 1923. The contention is without merit. The general rule is that where a crime is charged to have been committed on a day specifically named in the accusatory pleading, it is competent for the People to show that it was committed at any time before the statute of limitations barred prosecution therefor. In the instant case the crime charged in the information is in the nature of a continuing offense, and, as is said by Mr. Justice Richards in *People* v. *Stanley,* 33 Cal. App. 624, 626 [166 Pac. 596], in which a petition for hearing in the supreme court was denied, "Public policy would require such a construction of the terms of section 270 of the Penal Code as to render each and every willful omission without legal excuse on the part of the parent to furnish necessary food, clothing, shelter, or medical attendance to his or her child a fresh offense." Even if it were true that the sums paid by the defendant for moneys past due under the order of the court were sufficient to satisfy his obligation down to the first day of October, 1923, when the writ of execution was issued, still the

evidence is undisputed that the defendant paid nothing in pursuance of said order after the service of the writ of execution issued on the day mentioned. As we have seen, the information was filed in the superior court on the fifth day of December, 1923, so that there would at least be in that case approximately two months during which he did not comply with the requirement that he pay for the support of the children the sum of $20 per month.

[2] It will not be denied, in view of what is said in the case of *People* v. *Schlott,* 162 Cal. 374 [122 Pac. 846], that a parent may be proceeded against under section 270 of the Penal Code for willful omission to furnish his minor children with food, clothing, etc., notwithstanding that under a decree of divorce between the defendant and his wife the latter is awarded the custody of the minor children, and where, as here, a valid order has been made in the divorce proceeding that the defendant shall pay a specified sum per month for such support, maintenance, etc. And under said section, as it was amended by the legislature of 1923 (Stats. 1923, p. 593), the defendant is not relieved from criminal liability merely because the mother of the children or any other person or organization "voluntarily or involuntarily furnishes such necessary food, clothing, shelter or medical attendance for such children or undertakes to do so."

[3] It is next contended that the court erred in refusing to allow the witness, Charles H. Curry, brother of the defendant, to testify that the defendant, from the time that he was divorced from his wife, had maintained and supported his aged mother. This testimony was offered upon the theory that the support by the defendant of his mother would operate as "a lawful excuse" for his failure to contribute to the support and care of his minor children. We think, though, that the rejected testimony offered no excuse for the conduct of the defendant in failing to pay the sums directed by the court to be used for the care and support of his minor children. It is certainly commendable in any person to support or contribute toward the support of an indigent aged parent. Indeed, the law fixes upon every person that obligation, which he must perform to the extent of his ability. (Civ. Code, sec. 206.) This legal duty, however, does not relieve in the slightest degree the obligation of a person to

support his own minor children—those for whose existence he is directly responsible. Even where a man and wife have not been divorced and are the parents of minor children, while it would still be the duty of the husband or wife to support his or her indigent aged parents, yet the obligation to do so would be limited to the extent of their ability to perform that commendable obligation. The obligation of parents to give their minor children such support, education, and medical care as may be necessary or as their financial ability will permit involves a natural duty, and the purpose of our statute laws with reference to that subject is to insure and facilitate the enforcement of that obligation where necessary. In other words, the minor children of parents must come first and then if the circumstances of the husband and wife are such as to make it impossible for them to give to the indigent aged parents of either the support necessary for their proper maintenance, the law will not and cannot interpose any complaint. Of course, if it were shown that the defendant was without financial resources or was unable to secure employment after an honest effort to do so or was, by reason of illness or permanent physical impairment, unable to earn a sufficient amount to support his children or to contribute to their support, a lawful excuse for omitting to contribute to the support of his children as required by the order of the court would be made to appear, and he would then be immune from prosecution under section 270 of the Penal Code. No such a showing, however, was made by the defendant. To the contrary, it was shown that he was a skillful cement worker, capable of earning eight dollars per day while working at that business. He wholly failed to show any lawful excuse for his refusal to comply with the order of the court directing him to pay the sum specified therein for the support of his children, or for his omission to furnish such support regardless of such an order.

[4] Complaint is made that the court erred in instructing the jury as follows: "That any payments made by the defendant to Mrs. Barnett upon her old bill as it existed prior to November 9th, 1922, although payments were made after that date, are not to be considered by you as being paid by the defendant for the furnishing of necessary food, clothing,

shelter or medical attendance for the year prior to November 9th, 1923."

We think the instruction properly states the law. What we have said above concerning the nature of the offense denounced by section 270 of the Penal Code is a sufficient reply to the criticism of said instruction. Of course, the moneys he paid on the "old bill," meaning the moneys past due under the order of the court, may be said to have been paid for the purpose of furnishing the necessary food, clothing, shelter, etc., for the minor children, but the fact that he made those payments did not relieve him from still complying with the terms of the order directing him to contribute $20 per month toward the support of the children. In other words, assuming that he at some one time in the year 1923 had paid a large sum of money which covered all the accumulated monthly sums which had remained unpaid up to and including that time, he would, nevertheless, still be under obligation to meet all future payments and his willful omission to do so would bring his conduct within the condemnation of section 270 of the Penal Code.

There are criticisms of other instructions which are in our opinion without merit. The court's charge, generally speaking, contained a full and fair statement of the law applicable to the case.

The above statement of the testimony sufficiently shows that the verdict derives ample support from the evidence.

We have found no reason for interfering with the judgment and the order and they are accordingly affirmed.

Plummer, J., and Finch, P. J., concurred.