[Crim. No. 1461.   Second Appellate District, Division Two.—December 22, 1926.]

In the Matter of A. W. POVLITZKI on Habeas Corpus.

[1] CRIMINAL LAW — HUSBAND AND WIFE — FAILURE TO PROVIDE FOR WIFE—LACK OF MEANS OF SUPPORT — EVIDENCE — HABEAS CORPUS. Where a husband is charged with failure to provide for his wife in violation of section 270a of the Penal Code, the prosecution must show that the wife has no means of support, other than that to be derived from her husband, whereby to provide herself with the necessaries contemplated by that section; and where the testimony at the preliminary examination showed a failure of evidence upon that point, but there was affirmative evidence in the record which tended to show that the wife did have independent means, the husband was committed by the magistrate without probable cause, and is entitled to release on *habeas corpus.*

(1) 30 C. J., p. 1109, n. 79, p. 1111, n. 3.

PROCEEDING in Habeas Corpus to secure release from custody upon a commitment for violation of section 270a of the Penal Code.   Petitioner discharged.

The facts are stated in the opinion of the court.

John R. Stowe for Petitioner.

H. J. Dubin for Respondent.

WORKS, P. J.—This is an application for a writ of *habeas corpus.*   The petitioner is detained under a commitment issued pursuant to a preliminary examination upon a charge of failure to provide for his wife, under the provisions of section 270a of the Penal Code.   Several points are made by the petitioner, but we deem it necessary to refer to but one of them.   [1]   The rule is that the prosecution in such a case must show that the wife has no means of support, other than that to be derived from her husband, whereby to provide herself with the necessaries contemplated by the section (*People* v. *Smith,* 31 Cal. App. 736 [161 Pac. 753]). The testimony at the preliminary examination in the present

1. See 13 Cal. Jur. 910.

instance shows a failure of evidence upon that point. There is, in truth, affirmative evidence in the record which tends to show that the wife did have independent means. Petitioner was therefore committed by the magistrate without probable cause.

There is a statement in the petition that a charge is pending against petitioner for a failure to provide for his children, but there is no showing, either in the petition or in the return, that he either is or is not held in custody pursuant to that charge. In dealing with the question before us, therefore, we contemplate only the commitment issued pursuant to the preliminary examination already mentioned, and not any commitment which may have been issued upon the charge as to the children.

The petitioner is discharged from custody.

Craig, J., and Thompson, J., concurred.