[Crim. No. 1495. Second Appellate District, Division One.—November 21, 1927.]

THE PEOPLE, Respondent, v. PAUL FRAZIER, Appellant.

66

David W. Richards for Appellant.

U. S. Webb, Attorney-General, and George H. Johnson, District Attorney, for Respondent.

CONREY, P. J.—The record does not show any motion for a new trial. ■ On appeal from the judgment, defendant contends that the verdict is contrary to law, in that the evidence failed to prove that the minor child was in need of any of the common necessaries of life, and that the evidence fails to show that defendant at any time failed or refused to pay for the support of said minor child. Section 270 of the Penal Code, referring to the offense which is the subject of this action, provides that the omission by the father of a child to furnish necessary food, clothing, shelter, or medical attendance, or other remedial care, for his child, is *prima facie* evidence that such omission is wilful and without excuse. It is also provided that the father is not relieved from criminal liability for such omission, merely because the mother of such child, or any other person, furnishes such necessary food, etc., for such child. There is in the record abundant evidence that during a large part of the time for several years, down to and including the date definitely stated in the information (November 15, 1926, "and prior thereto"), the defendant was earning a substantial income, but did not make any provision for his child or even trouble himself so far as to investigate and find out how she was provided for or to what extent other persons were contributing to the child's support. It is in evidence that at and before the period of time covered by the information, said child was being

supported by a person not legally bound to do so, to wit, the second husband of the child's mother, to whom said mother had been married after her divorce from the defendant. We think that the evidence is sufficient to establish the fact that some provision for the support of this child was necessary; that the defendant was legally obligated to furnish such support, and that his failure to do so was wilful and without lawful excuse. ■ The fact that on a very few occasions the defendant gave to the child's mother certain small sums for the support of the child and the further fact that during a few months the defendant's situation prevented him from making any contribution toward the child's support, is not inconsistent with the fact that for long periods of time, and within the period covered by the information, the defendant was guilty of criminal neglect and omission to provide for said child.

■ The crime charged in the information is in the nature of a continuing offense, and may be established by proving that it was committed at any time before the statute of limitations bars prosecution therefor. (*People* v. *Curry*, 69 Cal. App. 501 [231 Pac. 358].)

■ Counsel for appellant claims that because section 270 of the Penal Code was amended in 1925 (amendment effective July 23, 1925 [Stats. 1925, p. 544]), to read as it now is, therefore the only law under which the evidence could involve him in any criminal liability would be for the period beginning July 23, 1925. It is a fact, however, that all of those portions of said section 270 to which we have referred, and which establish the law under which defendant was prosecuted, have been a part of that section since the amendment of 1923 (Stats. 1923, p. 592). The evidence admitted tends to prove, and the defendant admitted, that during approximately all of the time between 1922 and 1926, the defendant was free to work and actually did work and earn substantial sums of money. It is a fair inference that he might have applied some of this money toward the support of his minor child if he had been disposed so to do.

■ Appellant complains of two rulings of the court on cross-examination of the prosecuting witness. Substantially all of the facts excluded by those rulings were covered by other evidence introduced as a part of the defendant's

case. Without holding that the rulings were erroneous, it is enough to say that the defendant was not substantially prejudiced thereby.

Finally, appellant contends that there was no proof of wilful failure to provide for the child during the time that the defendant was in the marine corps and during the World War. In view of the fact that there is ample evidence to establish such wilful neglect during the period extending from 1923 to 1926, the point suggested is not material to the merits of the case.

The judgment is affirmed.

York, J., and McLucas, J., *pro tem.*, concurred.