[Crim. No. 1085.   Third Appellate District.—August 26, 1929.]

THE PEOPLE, Respondent, v. THOMAS P. MARTIN, Appellant.

H. W. McGowan for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information herein filed January 5, 1929, charges the defendant with the crime of abandoning and leaving his wife in a destitute condition, ''on or about the 11th day of July, 1928,'' and refusing and neglecting to provide her with necessary food, clothing, shelter and medical attendance. The case was tried before the court without a jury, the defendant expressly waiving a jury trial. He was found guilty and sentenced to imprisonment in the county jail. This appeal is from the judgment and the order denying a new trial.

Appellant contends that the evidence is not sufficient to show that he wilfully abandoned and left his wife in a destitute condition or refused to provide her with the necessities of life.

Mrs. Martin testified that on many occasions from June 1 to July 11, 1928, the defendant, without cause and in profane and vulgar language, ordered her to leave, threatening that he would kick her out if she did not; that by reason of such conduct, on July 11th, she left and went to the home of a neighbor, where she lived for several weeks; that on September 6, 1928, she broke some small bones in her foot, which prevented her from earning anything for six weeks; that at that time she had no money and had no ''help only with what my mother sent me''; that she wrote her husband two letters during that time to the effect that she was ''disabled and sick . . . and had no means of getting along,'' but he did not go to see her or help her out in any manner. The testimony shows that the defendant refused to pay the physician who attended his wife's injuries, but this refusal was after the physician's services had been performed. It was admitted by the defendant that, during the fall of 1928, he notified a butcher not to let Mrs. Martin have any meat on the defendant's credit. The evidence shows without contradiction that the defendant did nothing whatever toward the support of his wife after she left him.

''Proof of the abandonment and nonsupport of a wife . . . is *prima facie* evidence that such abandonment and nonsupport . . . is willful.'' (Pen. Code, sec. 270e; *People v. Wallach*, 62 Cal. App. 385, 398 [217 Pac. 81].) The

foregoing evidence is amply sufficient to show that the defendant wilfully refused and neglected to provide his wife with the necessaries of life.

It is next urged that the evidence fails to show that the defendant had the ability to so provide for his wife. The defendant testified that for certain kinds of work he received a dollar an hour; that he worked "about two days a week and last month nothing at all, just about enough to eat on"; that "there is nothing to do"; that he had not "looked for work in fifteen years"; that he did not "look for any for the simple reason it hasn't been necessary up until a short time ago"; that he did not know of his own knowledge that there is no work to be had but that he had seen "the men that are not working around town." Mrs. Martin testified that about a month before she left the defendant he said he had between eleven hundred dollars and twelve hundred dollars in his pockets. Other witnesses testified that certain payments had been made to the defendant for work since his wife left him. While the aggregate of such payments is not large, it cannot be held that the trial court was not justified in finding from the whole evidence that the defendant had "sufficient ability to provide for his wife's support" and was "able to earn the means of such wife's support" within the meaning of those terms as used in section 270a of the Penal Code. In *People* v. *Turner*, 29 Cal. App. 193, 195 [156 Pac. 381, 382], cited by appellant, it is said: "If the defendant had an opportunity to work and refused it, his conduct in that behalf would probably be regarded, in conjunction with the fact of nonsupport, as constituting a violation of the section of the code in question."

It is contended that "the court erred in admitting evidence of the financial condition and earnings of the defendant after July 11, 1928, the date of the alleged commission of the offense." Evidence of the defendant's earnings at any time between July 11, 1928, and January 5, 1929, on which latter day the information was filed, was clearly admissible. (*People* v. *Curry*, 69 Cal. App. 501, 505 [231 Pac. 358]; *People* v. *Frazier*, 87 Cal. App. 65, 67 [261 Pac. 1071].) There was some evidence admitted showing the defendant's earnings after the information was filed. This evidence was properly admitted as tending to

show the defendant's earning capacity. It is highly improbable that the trial court considered it for any other purpose.

Appellant seems to contend that when a husband has abandoned his wife, if she is furnished the necessities of life from any source the husband is not liable to punishment under the provisions of section 270a. In support of this contention he cites *People* v. *Selby*, 26 Cal. App. 796 [148 Pac. 807], *People* v. *Smith*, 31 Cal. App. 736 [161 Pac. 753], *People* v. *Clarke*, 51 Cal. App. 469 [201 Pac. 465], and *Matter of Povlitzki*, 80 Cal. App. 410 [251 Pac. 940]. None of these cases sustains appellant's contention. In *People* v. *Morrison*, 54 Cal. App. 469, 472 [202 Pac. 348], a case prosecuted under section 270 of the Penal Code, relating to the failure of a father to support his minor child, and arising prior to the amendment of 1921 providing that "it shall be no defense to such an action that such child has been provided for by other persons," it was held that the defendant could not escape criminal liability by showing that the child was supported by the charity of others. As said in *State* v. *Bess*, 44 Utah, 39 [137 Pac. 829], to permit a defendant, "whose family, because of his violation of a penal statute, is being sheltered, fed, and clothed by sympathetic friends or charitable institutions," to interpose "this same charity as a shield to protect himself from the penalties which the law imposes for the violation of the statute under which he is prosecuted . . . would be to make a farce of the law and a mockery of justice."

The judgment and the order are affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 10, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 23, 1929.

All the Justices present concurred.