[Crim. No. 810. Fourth Dist. Oct. 14, 1949.]

THE PEOPLE, Respondent, v. JOHN D. WINN, Appellant.

Jamison & Jamison for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of section 270a of the Penal Code, it being alleged that from February 18, 1948, to February 1, 1949, he wilfully abandoned his wife and left her in a destitute condition, and refused and neglected to provide her with necessary food, clothing, shelter and medical attention although he had sufficient ability to provide and earn the means therefor. A prior conviction for a similar offense was also charged. The defendant pleaded not guilty but admitted the prior conviction. A jury found him guilty and a judgment was pronounced sentencing him to imprisonment. He has appealed from the judgment and from an order denying his motion for a new trial.

The defendant and his wife were married in 1920. In 1934, Mrs. Winn suffered a stroke and has never completely recovered her health. In June, 1945, while they were living in Porterville, Mrs. Winn desired to go to Colorado to see her daughter, believing that the change in climate would benefit her health. The defendant consented to this trip, telling her he would come after her or send her money for the return trip. After she left the defendant gave up their apartment and sold such household effects as they had. Some six months later, the defendant having failed to answer her letter or send her any money, Mrs. Winn returned to Porterville. Subsequently, defendant pleaded guilty to a violation of section 270a from July 15, 1945, to January 30, 1946. He was sentenced and served time in a penal institution, from which he was discharged on February 18, 1948.

Following his discharge the defendant returned to Porterville but made no effort to reestablish his home. He did not go to see his wife and has contributed nothing to her support since June, 1945. During the time here in question Mrs. Winn has lived with and has been supported by their daughter and

son-in-law. The daughter's attempts to obtain financial assistance for Mrs. Winn from the defendant were unsuccessful.

It is first contended that the district attorney was guilty of prejudicial misconduct in referring to the defendant's prior conviction in his opening statement and in his closing argument, in violation of section 1025 of the Penal Code; and that the court erred in stating in the presence of the jury, in connection with ordering that the exhibits be left with the jury for its perusal, "In the criminal file No. 6674 I am going only to leave a certified copy of the minutes." This file was the one relating to the defendant's prior conviction.

The defendant's main defense was that he had served a sentence on the charge of failure to support his wife, had been discharged, and that he could not be further prosecuted for this offense. At the beginning of the proceedings he moved to dismiss on the ground of double jeopardy and introduced into evidence the certificate of discharge and release dated February 18, 1948. By stipulation, the entire file in the prior proceeding was introduced into evidence. The defendant's counsel in his opening statement referred to the prior conviction and to the release. He also brought out these facts when the defendant was on the stand, and referred to them in his argument to the jury. Not only was the matter of the prior conviction referred to and relied on by the defendant throughout the trial but the references thereto by the district attorney were not objected to, and the objection may not be raised for the first time on appeal. (*People* v. *Calliham,* 81 Cal.App.2d 928 [185 P.2d 342].) Under these circumstances, no possible prejudice appears. Moreover, the offense in question was one of a continuing nature and the matter of the former conviction was material on the question of an intentional abandonment which had continued. (*People* v. *Peete,* 28 Cal.2d 306 [169 P.2d 924].) The jury was carefully admonished that the defendant was not being tried for the former crime, that he was being tried for his acts between February 18, 1948, and February 1, 1949, and that the occurrences prior thereto were material only insofar as they tended to prove an abandonment which had continued thereafter.

It is next contended that the defendant was thus twice placed in jeopardy for the same offense since the only abandonment occurred in 1945. Section 270a covers not only wilful abandonment but also a refusal or neglect to provide a wife

with the necessaries of life. While the original abandonment occurred in 1945 this was of a continuing nature and the evidence sufficiently shows a continuance thereof after the defendant's release on February 18, 1948. Abandonment and nonsupport was here proved from February 18, 1948, to February 1, 1949, and the fact that this was a different offense from that covered by the previous conviction appears beyond question. The prior conviction was not, and could not be, a bar to the present action. (*People* v. *Majado,* 22 Cal.App.2d 323 [70 P.2d 1015].)

Finally, it is contended that the evidence is not sufficient to sustain the verdict and judgment. In this connection, it is argued that instead of showing an abandonment the evidence shows that Mrs. Winn left his home against his wishes; that the evidence shows that Mrs. Winn was not destitute since she was being supported by her daughter and son-in-law; and that the evidence shows that the defendant had not the ability to provide for his wife's support.

While the defendant testified that his wife left his home in 1945 against his wishes there was ample evidence to the contrary, and this conflict was decided by the jury adversely to him. Not only was the evidence as to the prior conviction conclusive with respect to the original abandonment, but the evidence clearly discloses that this abandonment was intentionally continued after the defendant was released from confinement.

The fact that Mrs. Winn had been supported in the meantime by her daughter and son-in-law is immaterial and no defense. (*People* v. *Martin,* 100 Cal.App. 435 [280 P. 151].) Moreover, there is evidence that the daughter and son-in-law were, and had been, unable to furnish Mrs. Winn with medical attention which she needed, and further evidence that the son-in-law was without a job at the time of the trial.

While the defendant testified that he had been without the means to support or assist his wife during the period in question his evidence is unsatisfactory, to say the least. He testified that during that year he had earned only $609.72 and that he needed all of this for his own support. Also, that he was unable to do heavy work because "I have a strained back, and my nerves is shot." He did not state how much money he earned during any particular period. There is evidence that he worked as a fruit picker and doing other work with fruit, and as a carpenter. He may have earned several hundred dollars in some months, during which he

could have met this legal obligation. He made no attempt to do so at any time. There is no evidence that he had any trouble in supporting his wife prior to 1945, and no evidence of any change in his condition since then. There is no evidence that he had any difficulty in obtaining employment during the period in question, and under the conditions existing in that community it may fairly be inferred that he should have earned much more than an average of $50 a month. He testified that he had been living in a hotel and it could reasonably be inferred that the expense of so doing would have enabled him to do something for his wife under a more domestic mode of living. There was evidence that the defendant was an experienced fruit picker and had been foreman of picking crews, as well as a carpenter. The jury saw and observed him and was in a better position than is this court to judge as to the extent of his claimed disability. The defendant admitted that during this period he knew where his wife was living, that he knew her condition, and that he had not contributed "one dime" to her support. At one time during the period he promised his daughter to meet her at a certain place a week later and contribute something toward the support of his wife. He did not keep the appointment and his daughter was unable to find him. The evidence, with the reasonable inferences therefrom, supports the implied finding of the jury that the defendant either had the ability to provide something for his wife's support or was able to earn the means therefor. It rather clearly appears that the defendant's failure to contribute anything toward his wife's support was due to his own attitude, and to his mistaken belief that his former conviction relieved him of any further responsibility in that regard, rather than to any disability on his part within the meaning of this statute.

The judgment and order are affirmed.

Griffin, J., concurred.