[Crim. No. 7570.   Second Dist., Div. Three.   Nov. 6, 1961.]

THE PEOPLE, Respondent, v. DONALD VERNON
CLOWARD, Appellant.

Robert L. Gardner, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

VALLÉE, J.—A jury convicted defendant of theft of an automobile (Pen. Code, § 487, subd. 3), and of taking an automobile not his own without the consent of and with intent to deprive the owner of title to or possession of the vehicle. (Veh. Code, § 10851.) He was also charged with a prior conviction of issuing a check without sufficient funds. He admitted the prior. Motion for new trial was denied. Sentence was to state prison. The appeal is from the judgment and the order denying a new trial.

Defendant was employed by Don Caustin, Inc., a Ford agency in South Pasadena, for at least a week in May 1960. When employed he gave his name as Don Galvani. He did so to avoid detection of the prior conviction. When he was employed, a 1960 Ford Galaxie was rented to him pursuant to a written agreement. The agreement was dated May 23, 1960 and called "SALESMAN DEMO AGREEMENT." It provided that the company had delivered the car to defendant "for use as a Company owned Demonstrator" and:

"In consideration for use of said Demo the salesman authorizes the Company to deduct from his paycheck the sum of $10.40 per week for as long as he shall use said Demo. In the event that the salesman's pay is not sufficient to cover the rental, the salesman agrees to pay the rental in cash, on the day it would normally be deducted.

"By signing this agreement the salesman acknowledges receipt of the said Demo and promises to return it upon request."

During his employment defendant lived part of the time in Santa Monica under the name Galvani and three days at the Huntington Hotel in Pasadena under the name Dr. Dougherty. When he left the Huntington he left obligations there.

About June 1, 1960, defendant walked off the job, taking the Ford Galaxie with him. He drove the car to Stockton and put it in storage in a garage in Lodi. He remained near Stockton in San Joaquin County. He kept the car about two months without the consent or permission of his employer. During that time he did not inform his employer where the car was located or make the payments required by the agreement. It was recovered on his arrest in Stanislaus County. Defendant stated to two police officers, "if I had known you fellows were going to have me arrested, I have access to around $3,000.00 at Gene's Bar, and you would have never got me, I would have been gone."

Defendant testified he thought he had a right to have the car and that he intended to return it. He denied he told the police that if he had known he was going to be arrested they "would have never got" him, that he "would have been gone."

The court gave this instruction : "You are instructed that whenever any person who has leased or rented a vehicle, willfully and intentionally fails to return the vehicle to its owner within five days after the lease or rental agreement has expired, that person shall be presumed to have embezzled the vehicle."

The instruction is in the identical language of Vehicle Code, section 10855. Defendant contends section 10855 is violative of due process in that it creates an arbitrary presumption of guilt. The point is untenable.

The presumption declared by section 10855 is not conclusive. It is prima facie and is rebuttable. A statute may validly declare a prima facie presumption to be the legal effect of the proof of certain facts. However, the due process clause of the Fourteenth Amendment requires that there be a rational connection between the facts proved and the fact presumed. (*People* v. *Wells,* 33 Cal.2d 330, 346 [202 P.2d 53].)

Under section 10855 the facts to be proved are that a person has leased or rented a vehicle and that he has *willfully and intentionally* failed to return the vehicle to the owner within five days *after the lease or rental agreement has expired.* "Willfully" means done with a purpose or willingness to commit the act. (Pen. Code, § 7, subd. 1.) "Intentionally" means done with intention of purpose, intended, designed. (*People* v. *McCree,* 128 Cal.App.2d 196, 202 [275 P.2d 95].) Mere proof of negligent failure to return the vehicle would not raise the presumption. We think it manifest there is a rational connection between the facts proved and the fact presumed. (See cases collected, 15 West's Cal. Dig., Crim. Law, § 307.) The presumption is based on past experience and reasonable probabilities.

*People* v. *Hewlett,* 108 Cal.App.2d 358 [239 P.2d 150], states (p. 373) : "The instructions complained of relating to the rebuttable presumption of undue influence arising in a proper case in transactions between a trustee and beneficiary are correct summaries of the rule set forth in section 2235 of the Civil Code. The question remains whether such instruc-

tions are so incompatible with the presumption of innocence that giving them is reversible error in a criminal case.

"Although we have been referred to no authorities directly in point, reason tells us that the presumption of innocence is not so strong that it compels the jury to disregard common sense based upon past experience and reasonable probabilities. A presumption is defined as 'a deduction which the law expressly directs to be made from particular facts.' (Code Civ. Proc., § 1959.) Thus, a presumption is based on a fact or facts and not upon mere surmise or conjecture—and certainly the facts giving rise to the presumption were here shown to exist. Presumptions are legislative determinations of reasonable probabilities. What experience has shown has normally happened in the past, under the same conditions will normally happen again. Simply because a criminal instead of a civil case is involved does not require the jury to disregard, in their reasoning, the reasonable probabilities that the Legislature has determined exist from certain facts. . . .

"[P. 374.] The attorney general advances an argument on this phase of the case that seems to us sound. He first points out that in several specific instances the Legislature has provided that presumptions adverse to the defendant in a criminal case shall exist. Thus, Penal Code, section 250, presumes malice in a criminal libel prosecution where 'no justifiable motive for making it is shown.' This presumption applies although it throws on the defendant the burden of proof as to one element of the crime. (*Davis* v. *Hearst,* 160 Cal. 143 [116 P. 530] ; *People* v. *Pryal,* 25 Cal.App. 779 [147 P. 114, 115].)

"Penal Code, section 270e, provides that proof of nonsupport of a wife or children shall constitute prima facie (or presumptive) evidence that the abandonment was wilful. (See *People* v. *Wallach,* 62 Cal.App. 385 [217 P. 81] ; *People* v. *Martin,* 100 Cal.App. 435 [280 P. 151].)

"Penal Code, section 496, provides that purchase of goods from a minor under eighteen shall, under some circumstances, constitute presumptive evidence that the goods were stolen. (See *People* v. *Seerman,* 43 Cal.App.2d 506 [111 P.2d 457].) Undoubtedly, there are other instances in the Penal Code of presumptions adverse to the defendant. . . .

"Of course, a presumption in this state is evidence, and the law relating to presumptions is a 'rule of evidence.' "

■ It is argued that application of the presumption placed defendant in the unfair position of being forced to

testify. He was no more forced to testify by application of the presumption than he was by the other evidence of the People showing guilt. Neither evidence of guilt nor a prima facie presumption places a defendant in an unfair position in a legal sense. (*Cf. People* v. *Agnew,* 16 Cal.2d 655, 662 [107 P.2d 601].)

■ It is contended it was error to give the instruction in the language of section 10855 because the evidence adduced failed to support the facts on which the presumption is predicated. The point has no merit. The evidence showed: defendant had possession of the car under an assumed name for use as a demonstrator; he left his job as salesman without notifying his employer; without the consent or permission of his employer he drove the car to Stockton and concealed it by storing it in Lodi, several miles north of Stockton; he kept the car two months—until he was arrested; during that time he did not make the payments required by his agreement and did not communicate with his employer; he would have fled had he suspected he was going to be arrested. On this evidence the jury could reasonably predicate the presumption. It was not error to give the instruction based on Vehicle Code section 10855.

■ Defendant offered several instructions on circumstantial evidence which the court refused to give.[1] Error is assigned. It is argued he could not be convicted of grand theft unless it was proved he intended permanently to deprive the owner of the car (Pen. Code, § 487, subd. 3); that his intention in taking the car was "manifested almost entirely

---

[1]These instructions were requested by defendant and refused by the court:

"If the evidence in this case [as to any particular count] is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

"You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt."

"I instruct you further that you are not permitted, on circumstantial evidence alone, or when circumstantial evidence is substantially relied on in the People's case, to find the defendant guilty of [the] [any] crime charged against him unless the proved circumstances not only are

by the circumstances under which he did so and the subsequent events attendant thereto.'' It was error to refuse to instruct on circumstantial evidence. While defendant's guilt depended in part on his extrajudicial admissions, and since the standard instructions on circumstantial evidence are not applicable to evidence of extrajudicial admissions (*People* v. *Gould*, 54 Cal.2d 621, 628-630 [7 Cal.Rptr. 273, 354 P.2d 865]), a considerable part of the evidence essential to proof of the facts necessary in order that the jury apply the presumption was circumstantial. However, we are satisfied from an examination of the entire record that the error was not prejudicial and did not result in a miscarriage of justice.

■ The court refused to give this instruction requested by defendant: ''The law of this state admonishes you to view with caution the testimony of any witness which purports to relate an oral admission of the defendant or an oral confession by him.''

There was no error. An identical instruction, submitted by the People, was given.

There are no other points made.

The judgment and order denying a new trial are affirmed.

Shinn, P. J., and Ford, J., concurred.

---

consistent with the hypothesis that the defendant is guilty of the crime, but are irreconcilable with any other rational conclusion.''

''When the case which has been made out by the People against a defendant rests entirely or chiefly on circumstantial evidence, and in any case before the jury may find a defendant guilty basing its finding solely on such evidence, each fact which is essential to complete a chain of circumstances that will establish the defendant's guilt must be proved beyond a reasonable doubt.''